# Richmond.

## GADDESS & OTHERS v. NORRIS' EXECUTORS & OTHERS.

### MARCH 24, 1904.

#### Absent, Cardwell, J.

1. EQUITY—*Parties.*—Where an issue is made by the pleadings in a chancery suit as to the validity of a will, and the question whether or not the grandchildren of the testator have an interest in the subject matter of the suit, and, if so, the extent of their interest, depends upon the determination of that question, the grandchildren are necessary parties. All persons interested in the subject matter of a suit and to be affected by its results are necessary parties.

Appeal from a decree of the Circuit Court of Fauquier county, in a suit in chancery, wherein the appellees, Norris's Executors, were the complainants, and the appellants and others were the defendants.

*Reversed.*

The bill in this cause was filed by the executors and trustees under the will of H. De Butts Norris, setting forth that Henry C. Norris, one of the chief devisees, had died, unmarried and without issue, and praying a construction of the will of said H. De Butts Norris, and for a settlement of their accounts as executors and trustees.

*Moore & Keith* and *Henry E. Davis,* for the appellants.
                    VOL. CII—79

*Munford, Hunton, Williams* and *Anderson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Fauquier county, construing the will of Henry De Butts Norris, late of that county, deceased.

The will is as follows:

"I, Henry De Butts Norris, of the county of Fauquier, and State of Virginia, do make this my last will and testament.

"Item 1st. I bequeath the following legacies to servants or employees now in my service, to-wit: To Ellen Flynn, the sum of five hundred dollars, and to Lewis Fletcher, Sallie Braxton and Adeline Wright each the sum of one hundred dollars, provided they continue in my service till my death; but, should either of them be not then in my employ and service, this legacy to him or her shall be void and lapse.

"Item 2nd. I desire that the farm where I know reside, known as 'Barrymore,' including that portion bought of Margaret A. Wright and Martha Emma Wright, and containing in all four hundred and one acres, more or less, shall pass to the trustees hereinafter appointed, for the use and benefit of my son, Henry C. Norris, subject to the same trusts and limitations as hereafter mentioned in clause fourth; and I, therefore, request my children, in whom the title has been vested, at my request, by deed from Chas. R. Flinch to Mrs. Edna Norris, to convey the said tract, or tracts, of land to said trustees, to be held by them in and on the trusts aforesaid (as presently recited) for the use and benefit of said Henry C. Norris, and, should any of my children fail or refuse to unite in conveying said property to said trustees, as herein requested, then the devise and bequest hereinafter made in his or her favor shall be rescinded and void as to him or her thus failing or refusing, and the same shall

pass and be held by said trustees for the use and benefit of said Henry C. Norris; and, in the event of all of my children failing or refusing to make said conveyance, then the whole of my estate, hereinafter devised and bequeathed, shall be held by said trustees for Henry C. Norris, as the sole beneficiary of the trust.

"Item 3rd. I bequeath to the said Henry C. Norris all my furniture, books, paintings, and household effects, and all live-stock and farming implements on said farm of 'Barrymore' as a gift, and not subject to the limitations and trusts as set forth in clause fourth.

"Item 4th. I devise and bequeath to the said trustees, herein-after named, all the rest and residue of my property, both real and personal, to be divided into six equal shares or parts, and one share each shall be allotted and held for my six children— Golda Calhoun Saunders, Alexander J. Norris, Marie A. Saunders, Emma B. Norris, Virginia G. Norris, and Dudley Norris—during their respective lives, in and upon the following trusts: That said trustees shall collect and receive the rents, issues, interests and profits of said properties, both real and personal, and, after adding one *per cent.* of said income yearly to the capital, shall pay and apply the balance to the use and benefit of said children, respectively, during their lives—the shares of my daughters and the income thereof to be for their sole and separate use, free from any control of their husbands, or liability to be in any way pledged for their debts or obligations; that said trustees shall have power to sell and reinvest any of said properties or securities, and shall keep a separate trust account of each share; and that each of said children shall have power of appointment; that is, to dispose of his or her share by will in favor of any of his or her issue; and, in case of any of my said children dying and leaving issue without having made a will, then his or her share shall pass to his or her issue; and, in case any of my said children should die without issue, or intestate,

then his or her share shall be divided among his or her surviving brothers and sisters, to be held by said trustees upon the same trusts.

"But said trustees shall permit my son, Henry C. Norris, to occupy and use the property devised and bequeathed for his use and benefit in the second clause above, without accountability for the rents, profits or income thereof, and, furthermore, they may keep any real estate that may pass to them under the fourth clause above, intact and undivided, if in their judgment it be best to do so, until it can be divided or sold, and reinvested to advantage, dividing the rents and profits among the several shares as above provided.

"Item 5th. Anything that I may have given, or may in my lifetime give, to any of my children, is a gift, and shall not be treated as a debt or advancement, nor be deducted from any of the devises or bequests herein made.

"Item 6th. I hereby nominate and appoint Henry C. Norris, Alexander J. Norris and my son-in-law, William H. Saunders, the executors of this will, and trustees for the trusts herein provided; and, if in the event of a vacancy by reason of death or otherwise, I nominate and appoint Dudley Norris as an executor and trustee to fill such vacancy, when he shall have become twenty-one years of age. And I request that they shall be allowed to qualify without security.

"Item 7th. Should any difference of opinion occur between my said executors or trustees as to the holding and retaining or reinvesting of property or securities, or otherwise, in the discharge of their duties, then, so long as there shall be three of them acting, the decision of two of them shall be conclusive; and, in the event there be only two of them acting, then the opinion of Henry C. Norris shall prevail."

Codicil.

"I, H. D. B. Norris, of Marshall, Fauquier county, Virginia, do make this my codicil to my will, dated the 25th day of

November, 1893, and I hereby expressly confirm my said will, excepting so far as the disposition of my property is changed by this codicil.

"I desire that my dear friend, Alexander J. Morrison, of London, England, in whose judgment and sense of justice I have full confidence, shall make settlement of all matters of business between my estate and my son-in-law, W. H. Saunders, both as to our personal accounts and the real estate business of W. H. Saunders & Co., in the manner following: I do not desire any public appraisement of the business or the property owned by the said firm, but it is my will that our personal accounts, and the accounts of the said firm, be submitted to the executors of my will, and that they furnish Mr. Morrison with such statements and information as may be necessary to a settlement as aforesaid.

"I direct, also, that my said son-in-law shall have such time as he may desire to make payment of any money that may be due my estate by him at the time of my death, such time not to exceed five years after my decease.

"If my said son-in-law do not concur in the aforesaid manner of settlement between him and my estate, or if my said friend, Alexander J. Morrison, be not living at the time of my death, then I direct that my executors make settlement with my son-in-law as to said private and firm accounts relying on their discretion and fairness to all concerned."

It is conceded that there were grandchildren of the testator living at the commencement of this litigation, who are yet living, and who are not parties to the proceeding. The issue as to the validity of the will is distinctly made by the pleadings; and the question, whether or not the grandchilren have an interest in the subject matter of the litigation, and, if so, the extent of their interest, depends upon the determination of that question. This being the case, it is plain that the rights of the

grandchildren are directly involved in the controversy, and must be affected by any decree that may be pronounced. They are, therefore, indispensable parties to the suit.

The principle is fundamental, and lies at the foundation of the administration of justice; that every person whose interests are immediately involved in a cause must be made a party and afforded an opportunity to assert or defend his rights. Calvert on Parties to Suits in Equity, p. 2, upon a review of the authorities, concluded that "all persons having an interest in the object of the suit" are necessary parties.

In 1 Daniel's Chy. Pr., p. 244, the rule is stated thus: "A person may be affected by the demands of the plaintiff in a suit either immediately or consequently. Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit."

And Mr. Barton says: "It is a general rule in equity that all persons interested in the subject matter of the bill, and which is involved in and to be affected by the proceedings and result of the suit, should be made parties, however numerous they may be." 1 Bar. Chy. Pr. (2nd Ed.), p. 141, and authorities cited. *Turner* v. *Barraud, ante,* p. 324, 46 S. E. 318; *Loyd* v. *Loyd's Exor., ante,* p. 519, 46 S. E. 687.

It follows from these views that the Circuit Court erred in passing the decree appealed from, in a suit to which the grandchildren of the testator were not parties; and, for that error, the decree must be reversed, and the cause remanded for further proceedings to be had therein in accordance with this opinion.

*Reversed.*