## CIRCUIT COURT OF FAIRFAX COUNTY

Triangle Pacific

   v.

Westchester Homes

Case No. (Chancery) 121793


L. C. Smith

   v.

Westchester Homes

Case No. (Chancery) 121830


Dempsey Supply

   v.

Westchester Homes

Case No. (Chancery) 121871

December 11, 1991


BY JUDGE THOMAS J. MIDDLETON

This matter came to be heard on November 1, 1991, on certain defendants' Motion for Leave to File an Amended Answer. Defendants wish to amend their answers in three related mechanic's lien cases in order to assert a defense of failure to join a necessary party. The issue before the court is whether the Clifton Farm Homeowners Association ("CFHA"), which has recorded a declaration entitling it

to collect dues from property owners, is a necessary party to the mechanic's lien suits.[1]

If the court finds CFHA to be a necessary party, it must grant leave to amend. "A court is powerless to proceed with a suit unless all necessary parties are properly before [it]." *Mendenhall v. Cooper*, 239 Va. 71, 74 (1990). And because the statute of limitations has run against CFHA, the result of such an amendment will be dismissal. A mechanic's lien suit, time-barred as to any necessary party, must be dismissed. *Id.* at 75.

### Facts

On August 10, 1989, CFHA recorded a declaration which provides that annual assessments due it are a charge on "the Lot (and all improvements thereon)" and "shall be a continuing lien upon the Property." Subsequent to CFHA's filing of the declaration, contractors filed memoranda of mechanic's liens on three separate properties covered by the declaration. Defendants contend, first that CFHA is a prior lien creditor by virtue of its declaration, and, second that as a prior lien creditor, CFHA is a necessary party to the mechanic's lien suit.

### Discussion

For reasons set forth below, CFHA is not a necessary party.

I. *CFHA is not a lien creditor.*

The Virginia Property Owner's Association Act, codified at Va. Code Ann. § 55–508–16 (Supp. 1991), appears to be dispositive of the issue. CFHA satisfies the Act's definition of "property owner's association" as "an incorporated or unincorporated entity upon which responsibilities are imposed and to which authority is granted in the declaration." Va. Code Ann. § 55–509 (Supp. 1991). Similarly, CFHA's "declaration" satisfies that term's definition under the Act as:

> any instrument, however denominated, recorded among
> the land records of the county or city in which the develop-

---

[1] One issue not raised is whether a named defendant has standing to object to a plaintiff's non-joinder of a necessary party-defendant. The Virginia Supreme Court recognized this as an issue in Walt Robbins, Inc. v. Damon Corp., 232 Va. 43, 46, n. 2 (1986), but declined to address it, since it had not been raised below.

ment or any part thereof is located, that either (i) imposes on the association maintenance or operational responsibilities for the common area in an amount in excess of $150 per year per lot as a regular annual assessment or (ii) creates the authority in the association to impose on lots, or on the owners or occupants of such lots, or on any other entity any mandatory payment of money in an amount in excess of $150 per year per lot as a regular annual assessment in connection with the provision of maintenance and/ or services for the benefit of some or all of the lots, the owners or occupants of the lots, or the common area.

Va. Code Ann. § 55–509 (Supp. 1991).[2]

The Act specifies the circumstances under which a property owner's association may obtain a lien on assessments.

*Once perfected*, the association shall have a lien on every lot for *unpaid assessments* levied against that lot in accordance with the provisions of this chapter and all lawful provisions of the declaration. The lien, *once perfected*, shall be prior to all other subsequent liens and encumbrances except (i) real estate tax liens on that lot, (ii) liens and encumbrances recorded prior to the recordation of the declaration, (iii) sums unpaid on and owing under any mortgage or deed of trust recorded prior to the perfection of said lien. *The provisions of this subsection shall not affect the priority of mechanics' and materialmen's liens.*

---

[2] Va. Code Ann. Section 55-508 (Supp. 1991) provides: "This chapter shall not be construed to affect the validity of any provision of any declaration recorded prior to July 1, 1989." The Act is, therefore, applicable to CFHA's declaration, which was recorded on August 10, 1989.

Defendants argue that because CFHA's declaration imposes a maximum annual assessment $130 per lot, the Act is inapplicable. Purchaser Defendants' Supplemental Memorandum at 6. Although the Act's definition of "declaration" includes only those instruments which impose assessments greater than $150 per year per lot, Va. Code Ann. Section 55-508 (Supp. 1991) provides: "The provisions of this chapter which exclude the applicability of this chapter to developments which impose . . . . on the owners or occupants of lots a mandatory payment of moeny less than $150 per year per lot . . . . shall not be applied retroactively to any development subject to a declaration recorded prior to July 1, 1991." The amount of assessment does not, therefore, exclude CFHA's declaration from the Act's applicability.

Va. Code Ann. § 55–516(A) (Supp. 1991) (emphasis added). Pursuant to this statute, before CFHA can have a lien at all, it must be entitled to collect "unpaid assessments," and it must follow the steps necessary for perfection. These steps are set out in Va. Code Ann. § 55–516(B) (Supp. 1991) as follows:

> The association, in order to perfect the lien given by this section, shall file before the expiration of twelve months from the time such assessment became due and payable in the clerk's office in the county or city in which such development is situated, a memorandum, verified by the oath of the principal officer of the association, or such officer or officers as the declaration may specify.

The verified memorandum must include certain enumerated items, including "the amount of unpaid assessments currently due or past due relative to such lot together with the date when each fell due." Va. Code Ann. § 55–516(B)(4) (Supp. 1991).

Defendants have not alleged that any unpaid assessments were due to CFHA. Nor have they alleged that CFHA filed any memorandum to that effect. Indeed, unless assessments were due, CFHA could not have filed the memorandum necessary for perfection. Therefore, despite the language of its declaration, CFHA does not have a lien on assessments. One does not obtain a lien merely by filing a document and calling it a lien.

Because CFHA is not a lien creditor, it is not a necessary party to a mechanic's lien suit.

II. *Even if CFHA were a lien creditor, it would not be a necessary party, since it does not hold a prior lien on unimproved property.*

Even assuming, *arguendo*, that assessments were past due, and that unpaid assessments alone were enough to give CFHA a lien under the Act, CFHA could not be a necessary party unless it had at least filed a memorandum prior to perfection of one or more of the mechanic's liens.

Defendants mistakenly rely on *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43 (1986), for their argument that CFHA, as a putative lien creditor, is a necessary party. Defendants' reading of *Walt Robbins* is too broad. That case does not hold that all lien creditors are necessary parties, but only that a trustee and beneficiaries of an antecedent deed of trust are necessary parties to a mechanic's lien suit. *Id.* at 47–

48. The nature of the interest held by the *Walt Robbins* parties is not analogous to that held by CFHA, because of mechanic's lien priority rules, which remain unaffected by the Virginia Property Owner's Association Act, *see* Va. Code Ann. § 55–516(A) (Supp. 1991). The key distinction is that, unlike CFHA, the unjoined parties in *Walt Robbins* held a prior lien on unimproved property.

A prior lien on unimproved property has priority over a mechanic's lien to the extent of the value of the unimproved property. Va. Code Ann. § 43–21; *Federal Land Bank v. Clinchfield Lumber & Supply Co.*, 171 Va. 118 (1938) (*quoted in Walt Robbins*, 232 Va. at 47). A mechanic's lien has priority over all other liens. Va. Code Ann. § 43–21. Because a party with a prior lien on unimproved property is entitled to be paid before a mechanic's lienor, it has an interest which may be defeated or diminished by the plaintiff's claim. Virginia courts have long recognized that a party with such an interest is a necessary party. *Mendenhall v. Cooper*, 239 Va. at 75; *Raney v. Four Thirty Seven Land Co.*, 233 Va. 513, 519–20 (1987); *Gaddess v. Norris*, 102 Va. 625, 630 (1904).

The *Walt Robbins* court implicitly drew the connection between necessary parties and parties having priority when it based its analysis on due process principles. *Walt Robbins*, 232 Va. at 47. The court stated:

> "It is fundamental, of course, that no person may be deprived of his property without due process of law. 'One of the essentials of due process is notice. This is especially true in proceedings of a judicial nature affecting the property rights of citizens'." . . . The lien of a deed of trust recorded before land is improved is a first lien on the land and a lien on the improvements subordinate to a mechanic's lien; the mechanic's lien is a first lien on the improvements and a subordinate lien on so much of the land as is necessary for the use and enjoyment of the improvements . . . . Because the proceeds of a judicial sale under a decree enforcing a mechanic's lien may prove to be insufficient to pay both lien creditors in full, the beneficiary of an antecedent deed of trust has a property right which entitles him to notice and an opportunity to challenge the perfection of the mechanic's lien or to invoke the forfeiture provisions of Code Section 43–23.1.

*Id.* (citations omitted).

Because a holder of a prior lien on unimproved property has, as a result of its priority, an interest which may be defeated or diminished by a contractors's claim, he is a necessary party to a mechanic's lien suit. But the field of necessary parties has never encompassed all lien creditors. Even if CFHA had been entitled to collect past due assessments, it could not possibly be a necessary party unless it had perfected its lien prior to perfection of one or more of the mechanic's liens. Subsequent lien creditors are proper, but not necessary parties. *Monk v. Exposition Deepwater Pier Corp.*, 111 Va. 121 (1910).

For all the foregoing reasons, defendants' Motion for Leave to File an Amended Answer is denied.