Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Whiting, Senior Justice

GENEVIEVE ASCH, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.    Record No. 941940          January 12, 1996

FRIENDS OF THE COMMUNITY OF
MOUNT VERNON YACHT CLUB, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
F. Bruce Bach, Judge

The Friends of the Community of Mount Vernon Yacht Club, a Virginia unincorporated association, and James G. Hamrick, Harvey Silver, Edward S. Pearsall, Jerome P. Skelly, Donald L. Waller, and Susan Weigert, filed their bill of complaint against the Mount Vernon Yacht Club, Inc., a Virginia corporation, and 55 persons, including Genevieve Asch. The respondents are members of the Yacht Club. The complainants sought certain injunctive relief and a declaration that they are members of the Yacht Club, and that they are entitled to exercise certain voting privileges. The trial court granted the requested declaration, and we awarded Asch and certain other respondents an appeal.

The respondents did not join the Yacht Club as a party in this appeal. Some of the complainants filed a motion to dismiss the respondents' appeal, asserting that the Yacht Club is an indispensable party. The respondents assert that they are entitled to maintain this appeal because, inter alia, their notice of appeal informed all the litigants below, including the Yacht Club, "that the litigation was not ended and that appeal was in progress."

> We have defined "necessary parties" broadly:
> "Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in

such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit."

Raney v. Four Thirty Seven Land Co., 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987) (quoting Gaddess v. Norris, 102 Va. 625, 630, 46 S.E. 905, 907 (1904)); accord Mendenhall v. Cooper, 239 Va. 71, 75, 387 S.E.2d 468, 470 (1990).

We have also held that a court lacks the power to proceed with a suit unless all necessary parties are properly before the court. Id. at 74, 387 S.E.2d at 470. We have stated that
"[a necessary party's] interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction."

Bonsal v. Camp, 111 Va. 595, 597-98, 69 S.E. 978, 979 (1911) (quoting Barney v. Baltimore City, 73 U.S. (6 Wall.) 280, 284 (1867)); Mendenhall, 239 Va. at 74, 387 S.E.2d at 470. Accord Walt Robbins, Inc. v. Damon Corp., 232 Va. 43, 47-48, 348 S.E.2d 223, 226-27 (1986); Buchanan Co. v. Smith, 115 Va. 704, 707-08, 80 S.E. 794, 795 (1914); Sweeney v. Foster, 112 Va. 499, 505-06, 71 S.E. 548, 550 (1911). See also Kennedy Coal v. Buckhorn Coal, 140 Va. 37, 49, 124 S.E. 482, 486 (1924).

Applying these principles, we hold that this appeal must be dismissed because the Yacht Club is an indispensable party, and the respondents failed to make the Yacht Club a party in this appeal. The respondents assign as error the following:
I.   The trial court erred as a matter of law by not enforcing Article V, Section 1 of the 1956 By-laws of Mount Vernon Yacht Club, Incorporated, which provides that only property owners in the subdivision known as Yacht Haven Estates, in the Mount Vernon

Magisterial District of Fairfax County, Virginia, may be members of the Corporation.

II. The trial court erred as a matter of law by Amending the Articles of Incorporation of Mount Vernon Yacht Club, Incorporated, by Order of the court. Amendment of Articles of Incorporation is a legislative act, not a judicial one. The exclusive means for amending Articles of Incorporation is set forth in the Virginia Nonstock Corporation Act and is beyond the statutory and constitutional power of a court of equity.

The respondents request, in their prayer for relief, that this Court enter a final judgment declaring, among other things:

(ii) that the original Bylaws of [the Yacht Club], which so provide, were not amended prior to January 1, 1957, nor was there any determination made by the then members of [the Yacht Club], prior to January 1, 1957, that residents of "other areas" were qualified to be members of [the Yacht Club];

(iii)  that as of January 1, 1957, there were only five (5) members of [the Yacht Club], and all such members were "property owners in the subdivision known as Yacht Haven Estates";

. . . .

(v) that neither [the Yacht Club] nor its putative officers, directors or committees have the power to confer membership on any persons who are not "property owners in the subdivision known as Yacht Haven Estates" until such time as the corporation might amend its Articles of Incorporation in accordance with the Virginia Nonstock Corporation Act;

. . . .

(vii) that any purported change to the qualification for membership in [the Yacht Club] undertaken after January 1, 1957, except by amendment to the Articles of Incorporation, is invalid.

The respondents' assignments of error and requested relief demonstrate that the Yacht Club's interests in the subject matter of this appeal "are so bound up with that of the other parties, that [its] legal presence as [party] to the proceeding is an absolute necessity," Bonsal, 111 Va. at 597-98, 69 S.E. at 979,

without which this Court cannot proceed.

We reject the respondents' contention that the Yacht Club should be treated as a party to this appeal because it had notice of the appeal. The mere fact that an indispensable party who was a litigant in the trial court has notice that an appeal has been perfected against another litigant is not sufficient to confer this Court's jurisdiction over the indispensable party against whom no appeal has been properly perfected.

We also find no merit in the respondents' contention that the Yacht Club is estopped from denying it is a party to this appeal. In this instance, this Court will not permit the respondents to utilize estoppel principles in an attempt to create appellate jurisdiction over an indispensable party which is not properly before the Court.

In view of the foregoing, we find no reason to discuss the respondents' remaining arguments relating to the motion to dismiss. Accordingly, we will enter an order granting the motion to dismiss the appeal.

<u>Appeal dismissed</u>.