Present:  All the Justices

STEPHANIE GALE MARTONE, a minor
who sues by her mother and next
friend, Monique R. Martone

v. Record No. 980558

JOAN D. MARTONE
                              OPINION BY JUSTICE CYNTHIA D. KINSER
                                      January 8, 1999
ALAN D. ALBERT, Guardian Ad Litem
for the Unborn and Unknown Issue and
Heirs of Alexander L. Martone, Deceased

v. Record No. 980581

JOAN D. MARTONE


JOSEPH C. MARTONE, ET AL.

v. Record No. 980582

JOAN D. MARTONE

           FROM THE CIRCUIT COURT FOR THE CITY OF NORFOLK
                        Charles E. Poston, Judge


     In this appeal, the primary issue concerns the meaning of

the term "person interested" as used in Code § 64.1-90.

Because some of the proponents of a decedent's prior will had

a mere expectancy under that will and not a legally

ascertainable, pecuniary interest, they are not "person[s]

interested."  Therefore, we will affirm the judgment of the

circuit court dismissing this action.

                              I.

This suit was commenced on behalf of nine-year-old Stephanie Gale Martone by her mother and next friend. Stephanie filed a bill in equity for issue <u>devisavit</u> <u>vel</u> <u>non</u> to determine which of three documents is the last will and testament of her grandfather, Dr. Alexander L. Martone. She named Dr. Martone's widow, Joan D. Martone (Mrs. Martone), Dr. Martone's children from his first marriage, his grandchildren, great-grandchildren, and all unknown or unborn issue or heirs of Dr. Martone (unknown heirs) as defendants.[1]

Pursuant to Code § 64.1-90, Stephanie asserts that she is a "person interested" in the probate of her grandfather's will and that she was "not otherwise . . . before the court" in a prior probate proceeding.[2] This section provides, in pertinent part:

> [T]hat any person interested who has not otherwise been before the court and who, at the time of the decree or order, is under the age of eighteen years or of unsound mind may file a bill in equity to impeach or establish

---

[1]  Dr. Martone's children are Joseph C. Martone, Peter W. Martone, Alexander L. Martone, Jr., and Sharon M. Nelson; his grandchildren, in addition to Stephanie, are Jeffrey Martone, Lisa Martone, Susan Kelly Martone, Peter W. Martone, Jr., Michael V. Martone, Justin A. Martone, David R. Nelson, Jr., Bridgete M. Nelson, Jennifer E. Nelson, Christopher A. Nelson, and Bradford P. Nelson; and his great-grandchildren are Megan Martone, Amanda Martone and Kavin Nelson, all of whom are minors.

[2]  Stephanie did not specifically allege in her bill in equity that she was proceeding under Code § 64.1-90, although she does so on brief and orally before this Court.

> the will within one year after he becomes of age or is restored to capacity . . . and that any person interested who has been proceeded against by order of publication may, unless he actually appeared as a party or was personally summoned, file such bill within two years after such decree or order.

Code § 64.1-90.

The prior probate proceeding to which Stephanie refers was commenced on June 24, 1996, when Mrs. Martone filed an application in the Circuit Court for the City of Norfolk for quasi inter partes probate of Dr. Martone's will dated March 3, 1995.[3]  Mrs. Martone named Dr. Martone's four adult children as parties in that proceeding.  On September 6, 1996, at the request of the children, the court entered a decree converting the quasi inter partes probate to an inter partes proceeding pursuant to Code § 64.1-80.  The court also ordered that all interested persons be made parties to the proceeding and that all testamentary documents of Dr. Martone be filed.  In response to the court's decree, two testamentary documents dated April 10, 1991, and February 6, 1995, respectively, were filed, in addition to the March 3, 1995 will that Mrs. Martone had originally submitted for probate.  However, no other persons were added as parties, nor was a guardian ad litem appointed to represent the interests of any minors or unknown heirs.

---

[3]  Dr. Martone died on June 6, 1996.

The parties to that probate proceeding submitted the issue devisavit vel non to a jury. That jury, in special interrogatories, found that Dr. Martone possessed testamentary capacity when he executed the March 1995 will and that he was not acting under the undue influence of Mrs. Martone. Accordingly, the court entered judgment on the verdict on March 14, 1997, and admitted the March 1995 will to probate. That will expressly revoked all prior wills, devised and bequeathed Dr. Martone's estate to Mrs. Martone, and named her as executor of his estate.[4]

In the present case, Stephanie is a proponent of the 1991 document. In that writing, Dr. Martone devised and bequeathed his estate to his trustee, Peter W. Martone, to be administered pursuant to the terms of a trust agreement also dated April 10, 1991. The only provision in that will for his grandchildren and great-grandchildren is found in Article V(b), which states in pertinent part:

> Any net income collected from assets held by my Executor [Peter W. Martone] during the period of administration of my estate may, in whole or in part, in the sole discretion of the Executor, be distributed to any one or more person or persons, to the permissible exclusion of any one or more of them, within a class consisting of my wife and my issue, or may be accumulated and added to the principal of my residuary estate, or may be applied by my Executor to the payment of debts, funeral expenses,

---

[4] The February 1995 document contained essentially the same provisions as the March 1995 will.

4

administration costs and/or taxes payable out of my estate . . . .

In Article VIII of the trust established by Dr. Martone on the same day that he executed the 1991 will, he directed that the trust property "shall be held and/or distributed as [he] shall have designated in written instructions addressed to [the trustee] . . . ." In the same article, Dr. Martone also provided that, if he failed to leave instructions for any portion of the trust estate, the trustee shall distribute that property "to such person or persons as would inherit personal property from [Dr. Martone] in accordance with, and in the proportions provided by, the laws of the Commonwealth of Virginia as if [he] had died intestate, unmarried and owning such part or portion of the trust estate." Thus, the 1991 will and trust are the only instruments in which Dr. Martone provided for his children, grandchildren, and great-grandchildren.

In response to Stephanie's bill in equity, all the defendants (including the guardian ad litem appointed by the court for the unknown heirs), except Mrs. Martone, filed answers and cross-bills seeking the same relief as Stephanie, i.e., to have the 1991 document probated as the last will and

5

testament of Dr. Martone.[5]  Stephanie and these cross-plaintiffs assert that Dr. Martone was acting under the undue influence of Mrs. Martone when he executed the March 1995 will.  This position is the same one that Dr. Martone's children advanced in the prior probate proceeding.

Mrs. Martone demurred to the bill in equity and cross-bills.  In a decree dated December 19, 1997, the circuit court sustained the demurrer and dismissed this action.  In a letter opinion, the court discussed the nature of the interest created in Dr. Martone's 1991 will for the benefit of his grandchildren and great-grandchildren:

> [T]he grandchildren and great-grandchildren will take under the 1991 will only from the income from the estate while in the hands of the executor before he transfers the assets to the trustee.  However, there is a further qualification.  They will take only if the executor, in his sole discretion, decides to make such distributions, and even then he may distribute to some, but not all, in such amounts and proportions as he, in his sole discretion, deems appropriate.  There is no mandate for the executor to make any distributions at all.

The court concluded that the interest that these parties may have "cannot rise above the level of a mere expectancy."

The court further determined that all the parties in the present action who were not named as parties in the prior probate proceeding were, nevertheless, fully represented in

---

[5]  Like Stephanie, these cross-plaintiffs did not state in their cross-bills under which statutory provision they were proceeding.

that proceeding by Dr. Martone's children.  Thus, by applying

the doctrines of res judicata and virtual representation, the

court concluded that the grandchildren, great-grandchildren,

and unknown heirs are precluded from proceeding under Code

§ 64.1-90 to establish the 1991 document as the last will and

testament of Dr. Martone.  The court likewise found that Dr.

Martone's four children are barred by the doctrine of res

judicata from relitigating the probate of the March 1995 will.[6]

Stephanie and the cross-plaintiffs appeal.

## II.

To impeach or establish a will pursuant to Code § 64.1-

90, a party must, inter alia, be a "person interested."  Title

64.1 pertaining to wills and decedents' estates does not

define the term "person interested" although it is used in

several sections of that title.[7]  See e.g., Code §§ 64.1-80, -

81, -82, -83, -88, and -90.  However, we believe that the term

---

[6]  On brief, the children state that the validity of their cross-bills in this action is immaterial as long as Stephanie or one of the other cross-plaintiffs is allowed to proceed under Code § 64.1-90.

[7]  Although Code § 64.1-90 is the focus of the arguments presented to this Court, the cross-plaintiffs who cannot utilize Code § 64.1-90 because they are over 18 years of age suggest that they could commence their own actions under some other section because the prior probate was never properly converted to an inter partes proceeding as ordered by the circuit court.  However, our analysis of the term "person interested" applies to the phrase as it is used in other sections of Title 64.1.

means that an individual must have a legally ascertainable, pecuniary interest, which will be impaired by probating a will or benefited by setting aside the will, and not a mere expectancy. See Ames v. Reeves, 553 So.2d 570, 572 (Ala. 1989) ("To maintain a will contest, it is essential that the contestant have a real, beneficial interest, not simply an expectancy or an inchoate right."); Estate of Keener, 521 N.E.2d 232, 234 (Ill. App. 1988) ("[A]n interested person[] needs to have a direct, pecuniary, existing interest which would be detrimentally affected by the probate of the proferred will."); Bloor v. Platt, 84 N.E. 604, 605 (Ohio 1908) ("Any person who has such a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.'"); Washington & Lee Univ. v. Dist. Court of Okla. County, 492 P.2d 320, 324 (Okla. 1971), cert. dismissed, 406 U.S. 951 (1972) ("[T]he term 'any person interested' . . . means any person having such a direct pecuniary interest in the devolution of a testator's estate that his interest would be impaired or defeated if the will were admitted to probate, or his interest would be benefitted if the will were denied admission to probate."); see also

<u>Fitzgibbon v. Barry</u>, 78 Va. 755, 760 (1884) ("[I]n no case . . . is it necessary to make those persons parties who are entitled 'only to future and very uncertain and contingent interests.'").

The interest that the grandchildren, great-grandchildren, and unknown heirs assert in order to qualify as a "person interested" is found in Article V(b) of Dr. Martone's 1991 will.[8]  In that provision, Dr. Martone authorized his executor to distribute any net income from assets held during the administration of the estate to any one or more persons in a class consisting of Dr. Martone's wife and his issue.[9] However, the executor has absolute discretion in deciding whether to accumulate income and add it to the principal of the residuary estate; to apply it to the payment of debts, taxes, and other expenses of the estate; or to distribute it to members of the designated class.  Even if the executor chooses to disburse income, he also has complete discretion as to the amount of any distribution and to whom it will be paid.

---

[8]  Since all of Dr. Martone's children were living at the time of his death, Article V(b) of the 1991 will is the only provision under which his grandchildren and great-grandchildren could receive a distribution from his estate.

[9]  For the purposes of this case, we assume, without deciding, that the term "issue" as used in the 1991 will includes Dr. Martone's grandchildren, great-grandchildren, and unknown heirs.

In other words, he can disburse income to some members of the class and exclude others. We have stated that "equity will not compel or control . . . [the] discretion or exercise" of "a mere naked power [of disposal among the members of a class that is] purely discretionary with the donee." Daniel v. Brown, 156 Va. 563, 571, 159 S.E. 209, 211 (1931).

Thus, we conclude that the interest created by Article V(b) of the 1991 will is a mere expectancy, not a legally ascertainable right. It is, therefore, not sufficient to satisfy the requirement of a "person interested" under Code § 64.1-90 with regard to the grandchildren, great-grandchildren, and unknown heirs. Under the 1991 will, only Dr. Martone's four children are "person[s] interested." However, as already noted, they litigated their claim in the prior probate proceeding when they attempted to establish the 1991 document as Dr. Martone's last will and testament.

Contrary to arguments made by Stephanie and the cross-plaintiffs, the decision in Gaddess v. Norris' Ex'rs, 102 Va. 625, 46 S.E. 905 (1904), does not compel a different result. In that case, the decedent's will established a trust for his six children. The decedent directed his trustee to distribute a portion of the income each year to his children during their respective lives. The will further granted a power of appointment to each child to dispose of his or her share of

the trust by will in favor of any of his or her issue. If any child died without having exercised the power of appointment, his or her share passed to his or her issue. Because of the nature of the grandchildren's interests, we concluded that they had to be named as parties to a suit to construe the decedent's will. Unlike the interest in the present case, the grandchildren in Gaddess had more than a mere expectancy. Some or all of them would receive a portion of the decedent's estate either by exercise of the power of appointment or as takers in default. Id. at 630, 46 S.E. at 907.

Similarly, we held in NationsBank of Va., N.A. v. Estate of Grandy, 248 Va. 557, 560, 450 S.E.2d 140, 143 (1994), that "the interests of the potential beneficiaries [of a trust were] too remote to require the joinder of those potential beneficiaries as necessary parties." The interests of the potential beneficiaries were contingent interests that could be defeated by any future issue of Grandy, the beneficiary of the trust.

We next consider the children's contention that the circuit court erred by applying the doctrine of res judicata to dismiss their cross-bills. They argue that the court had no basis for that ruling because the record of the prior probate proceeding was not before the court, in particular, the final decree entered in that proceeding. We do not agree.

11

The same judge presided over both the instant action and the prior probate proceeding. Moreover, the court was entitled to take judicial notice of the record in that case when ruling on Mrs. Martone's demurrer since Stephanie and the cross-plaintiffs referred to the prior probate proceeding in their cross-bills. See Fleming v. Anderson, 187 Va. 788, 794-95, 48 S.E.2d 269, 272 (1948) ("[W]here the plaintiff refers to another proceeding or judgment, and specifically bases his right of action, in whole or in part, on something which appears in the record of the prior case, the court, in passing on a demurrer to the complaint, will take judicial notice of the matters appearing in the former case.").

Finally, we address the claim that the circuit court erred by allowing Mrs. Martone to contest the right of the grandchildren, great-grandchildren, and unknown heirs to bring this action after she endorsed the September 6, 1996 order as "Agreed." That order directed that all interested persons be made parties to the inter partes probate proceeding. But neither Mrs. Martone nor Dr. Martone's children named any additional parties, nor was a guardian ad litem appointed to represent the interests of minors or unknown heirs.

We find no merit in this argument. That order did not identify any persons who needed to be made parties, nor did it adjudicate whether any particular individual was a "person

interested" in the proceeding.  Thus, we conclude that Mrs. Martone has not taken a position in this case that is inconsistent with the one that she took when she endorsed that order.

For these reasons, we will affirm the judgment of the circuit court.[10]

Record No. 980558 — <u>Affirmed</u>.
Record No. 980581 — <u>Affirmed</u>.
Record No. 980582 — <u>Affirmed</u>.

---

[10] Since the grandchildren, great-grandchildren, and unknown heirs are not "person[s] interested," we need not address whether they were otherwise before the court in the prior probate proceeding through "virtual representation."

13