COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Annunziata
Argued at Richmond, Virginia


LINDA M. COMER

                             MEMORANDUM OPINION* BY

v.    Record No. 0157-00-2       JUDGE LARRY G. ELDER

                              DECEMBER 19, 2000

ROBERT B. COMER, JR.


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
James F. D'Alton, Jr., Judge

Beverly M. Murray (The Law Offices of Beverly
McLean Murray, on brief), for appellant.

No brief or argument for appellee.


This matter arises out of the 1997 request of Linda Comer (mother) for custody of the minor child (child) born of her marriage to Robert B. Comer, Jr. (father). Both mother and father were proceeding pro se at that time. The circuit court denied mother's request for custody but said it would consider awarding visitation. As permitted by Code § 16.1-266(D), the court appointed Michele L. Ferris as guardian ad litem for the child. Following a hearing on the visitation issue, which included an in camera interview with the child, the court entered an order granting the request of the guardian ad litem that "there shall be no visitation between [mother and child]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

until such time as the child initiates any visitation with the mother."

Mother then obtained counsel, and following the denial of a motion to reconsider, mother filed a notice of appeal and indicated that she mailed a copy of the notice to both the guardian and the appellee father. The Court of Appeals, following receipt of mother's notice of appeal and the record of the proceedings in the trial court, notified mother, mother's counsel, father, and the child's guardian ad litem of said receipt. In bold print in that same notice, the Court advised mother and her counsel to "**consult Part 5A of the Rules** [of the Supreme Court of Virginia] **for information on filing times and other requirements**" and indicated that "**[f]ailure to comply with the rules may result in various sanctions, including dismissal of the appeal**."

When counsel for mother filed mother's opening brief with this Court, she included a certificate indicating that she served appellee father with copies of the brief, but the certificate did not mention the guardian ad litem. At that time, the guardian ad litem remained a counsel of record in the case and was classified as an "opposing counsel" for purposes of the Rules. See Rules 1:5, 5A:1. Pursuant to Rule 5A:20(h), mother was required to certify that she mailed or delivered the requisite number of copies of her opening brief to "opposing counsel on or before the date of filing." See also Rule

-

5A:19(e). Because mother failed to comply with the requirements of the Rules, the guardian ad litem did not receive notice of the filing or a copy of mother's brief and had an inadequate opportunity to respond in order to protect the interests of the child. Mother, therefore, failed to bring a necessary party before the Court. See Asch v. Friends of the Community of the Mount Vernon Yacht Club, 251 Va. 89, 90-91, 465 S.E.2d 817, 818 (1996) (holding that necessary party is one who has an interest "which is likely either to be defeated or diminished by the plaintiff's claim" and that "court lacks the power to proceed with a suit unless all necessary parties are properly before the court," even where party received notice of appeal).

Because mother failed to serve a copy of her opening brief on the guardian ad litem for the minor child, a necessary party to this appeal, the appeal is dismissed.

Dismissed.