COURT OF APPEALS OF VIRGINIA

Present:   Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


ELIZABETH A. HARING, F/K/A
 ELIZABETH A. HACKMER
                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2846-04-4                     JUDGE JEAN HARRISON CLEMENTS
                                                                 NOVEMBER 8, 2005
MICHAEL J. HACKMER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Jr., Judge

Robert G. Culin, Jr. (Culin, Sharp, Autry & Day, P.L.C., on briefs),
for appellant.

Michael D. Sawyer (Moyes & Levay, P.L.L.C., on briefs), for
appellee.

Sylvia W. Voreas (The Law Office of Sylvia W. Voreas, on briefs),
Guardian *ad litem* for the infant child.

(John R. Roberts, County Attorney; John W. White, Assistant
County Attorney, on brief), for Loudoun County Department of
Social Services.  Loudoun County Department of Social Services
submitting on brief.


        Elizabeth A. Haring (mother) appeals from an order of the trial court awarding sole legal

and physical custody of the parties' child (child or daughter) to Michael J. Hackmer (father).

Mother contends the trial court erred in finding that an award of sole custody to father was in child's

best interests.  Prior to oral argument on this case, we asked the parties, the guardian *ad litem*, and

the Loudoun County Department of Social Services (DSS) to brief whether mother's failure to

give notice to DSS of this appeal is a procedural flaw requiring us to dismiss.  We find that the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

failure of such notice is not a procedural bar to appellate review under the particular circumstances before us, and decline to dismiss this appeal. We further hold on the merits that the trial court did not err in awarding sole legal and physical custody to father, and therefore affirm.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

The facts in the present appeal were determined by the trial court after *ore tenus* hearing, and are not challenged by mother on appeal. The parties are the separated parents of child, born May 31, 1999, each of whom at the time of the *ore tenus* hearing had filed for divorce and sought custody in the trial court. On January 6, 2004, while the trial court proceedings were pending and in response to a Child in Need of Services petition, the Loudoun County Juvenile and Domestic Relations District Court awarded temporary physical custody to DSS. Thereafter, on May 28, 2004, DSS was made a party to the trial court custody proceedings, and the trial court approved a DSS foster care service plan establishing a goal of returning child to the custody of the parents. The proceedings in the Loudoun County Juvenile and Domestic Relations District Court were then dismissed.

Following the *ore tenus* hearing, the trial court found that child had had some emotional difficulties that were somewhat alleviated during a period of foster care, including toilet training problems and the demonstration of inappropriate interpersonal boundaries. She had also made several allegations of sexual abuse that after full investigation were determined to be unfounded. The trial court found that an "over-sexualized atmosphere" contributed to child's problems.

In addition to father's failure to maintain continuous employment, several specific incidents led the trial court to question father's ability to function as a custodial parent. He had two extramarital sexual relationships while living with and married to mother. When his daughter was a year old, he placed the hands of a one-year-old male child on his daughter's chest and lap and made sexual comments in the presence of the children's mothers. He sent an e-mail to mother that ascribed a sexual motive to a playground meeting between his daughter and another child. He often referred to child's breasts as growing "boobies." Father once sent mother an inexplicably violent and sexual e-mail poem meant to intimidate her. In sum, the trial court found that father failed "to recognize his role as a parent and the extent to which his conduct [might] influence his child," and thus determined that father's disposition to improper sexualized conduct had contributed to an inappropriate atmosphere for rearing child.

Mother was also found by the trial court to have "created" the inappropriate and sexualized environment in which child had been raised. She had subjected child to invasive questioning of a sexual nature as well as at least three vaginal and anal medical examinations arising out of mother's multiple unfounded complaints to Child Protective Services (CPS) of father's sexual conduct with child. Mother had claimed that father had sexually abused child almost since birth, yet she made no mention of sexual abuse in her Bill of Complaint, and even after initiating divorce proceedings she continued a normal—and at times intimate—relationship with him. Since filing her Bill of Complaint mother had reported to CPS two specific incidents she claimed were witnessed by third parties of father's sexual abuse of child. Each report was discredited in the hearing: in one instance, the third party denied her claim, and the other account contained anachronism, inconsistency, and bias. The trial court noted that the timing of many of mother's unfounded accusations of sexual misconduct by father had been, for various reasons, suspect.

- 3 -

During the pendency of the divorce and custody proceedings and while child was in her custody, mother twice failed to give thirty days' notice of a change in residence as required by court order. She had arbitrarily and unilaterally required father's visitation with child be supervised by third parties. Despite a sealed record in this case, she had released father's psychosexual evaluation to third parties. She had refused to accept agency and medical determinations inconsistent with her accusations; rather, she had simply pressed her claims elsewhere. In this way she had improperly involved several different government entities and health care providers in various Virginia and Maryland jurisdictions, intentionally and with no apparent factual basis calling into question several professional reputations. She had attempted to involve in this child custody determination legislators and newspaper reporters, parties whose only possible role in this proceeding was to impose an inappropriate political consideration on the judicial process. And, without any foundation in fact, she had told child that father wanted to kill child.

Mother's employment situation, though less than ideal, was more continuously stable than father's. Nevertheless, she had moved five times in the two and a half years preceding the custody determination, whereas father had remained in the same home throughout. The findings of two credible professionals showed that father's parenting abilities are superior to mother's.

During the proceedings, DSS took no position as to which parent should be awarded custody. On October 25, 2004, after hearing several professional opinions consistent with the position, the trial court found that it was "in the best interests of the child to be returned to the custody of one or both of her parents." On January 13, 2005, after a further consideration of the facts under the provisions of Code § 20-124.3, the trial court awarded custody to father with substantial visitation to mother. In reaction to lingering "reservations about both of the parents," the court also ordered the continuing involvement of DSS in the coordination of services to the parties.

On November 29, 2004, mother timely filed a notice of appeal with the clerk of the trial court indicating her intention to challenge the circuit court's final order awarding sole legal and physical custody of child to father. Mother does not challenge the final order as to the continuing involvement of DSS, and did not mail or deliver a copy of the notice of appeal to DSS.

In response to this Court's request to address the ramifications of mother's failure to mail or deliver to it a copy of the notice of appeal, DSS asserted on brief that it retained no "legal or beneficial interest in this appeal of the final custody award."

## II. FAILURE OF NOTICE TO DSS

The first question before us concerns whether this Court can hear this appeal where mother did not notify DSS. "'No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel [for appellant] files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel . . . .'" Hughes v. York County Dep't of Soc. Servs., 36 Va. App. 22, 25, 548 S.E.2d 237, 238 (2001) (quoting Rule 5A:6(a)). We note that prior to its appealed-from determination that father should have sole custody of child, the trial court made a separate finding that it was in child's best interests to be removed from the custody of DSS and "returned to the custody of one or both of her parents." We further note that neither DSS nor any other party objected to this finding, nor appealed therefrom. Appeal of that separable determination had thus been waived. See Rule 5A:18. The present appeal therefore concerns only the subsequent trial court determination of the custody rights of mother *vis a vis* father. It cannot be said, therefore, that DSS is an opposing party to the present appeal for purposes of mother's compliance with her procedural obligations.

Nonetheless, "a court lacks the power to proceed with a suit unless all necessary parties are properly before the court." Asch v. Friends of Mt. Vernon Yacht Club, 251 Va. 89, 91, 465

S.E.2d 817, 818 (1996). However, a necessary party is one whose immediate interest in the subject matter of a court action ""'"is likely either to be defeated or diminished by the [action],""" id. at 90, 465 S.E.2d at 818 (quoting Raney v. Four Thirty Seven Land Co., 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987) (quoting Gaddess v. Norris' Ex'rs, 102 Va. 625, 630, 46 S.E. 905, 907 (1904))), and the absence of a party whose "interests are separable from those of the parties before the court, so that the court may enter a decree without prejudice to [those interests]" will not bar a court's jurisdiction, McDougle v. McDougle, 214 Va. 636, 637, 203 S.E.2d 131, 133 (1974). Having waived any appeal of the trial court's separate and prior removal of child from its custody, and there being no challenge to the continuing involvement of DSS in the provision of services to the parties and child, no interest in the subject matter of this appeal remains in DSS to be diminished. Since it cannot be said therefore that DSS is a necessary party under the circumstances of the instant case, the failure of notice had no jurisdictional effect. This appeal is properly before us.

## III. AWARD OF CUSTODY TO FATHER

Having found no procedural bar to the present appeal, we turn now to the merits. Based on the trial court's "reservations" as to father's fitness for custody, mother argues that the trial court's award of sole legal and physical custody to father was not in child's best interest, and should be reversed. We disagree.

"In issues of child custody, 'the court's paramount concern is always the best interests of the child.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)); see Code § 20-124.3. "Code § 20-124.3 specifies the factors a court 'shall consider' in determining the 'best interests of a child for . . . custody or visitation.'" Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). Among its provisions, Code § 20-124.3 includes "[t]he age and physical and mental

- 6 -

condition of each parent"; "[t]he relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child"; "[t]he propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child"; and "[s]uch other factors as the court deems necessary and proper to the determination." "Although the trial court must examine all factors set out in Code § 20-124.3, 'it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."'" Id. (quoting Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986))). Rather, "'trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Farley, 9 Va. App. at 328, 387 S.E.2d at 795); see Yopp v. Hodges, 43 Va. App. 427, 439, 598 S.E.2d 760, 766 (2004) ("We afford great deference to the trial court's determination of what is in the best interests of the child.").

The exercise of a trial court's broad discretion in the determination of a child's best interests will be "'reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Vissicchio, 27 Va. App. at 246, 498 S.E.2d at 428 (quoting Farley, 9 Va. App. at 328, 387 S.E.2d at 795 (citation omitted)). Similarly, "'[w]e will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is "plainly wrong or without evidence in the record to support it."'" Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (quoting Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989))). "Moreover, the credibility of witnesses and the weight to be accorded their testimony

is a matter exclusively within the province of the trier of fact." Yopp, 43 Va. App. at 439, 598 S.E.2d at 766. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown, 30 Va. App. at 538, 518 S.E.2d at 338. Under these principles of appellate review, it is immaterial that the same set of facts, if viewed in a light most favorable to the appellant, might also support the relief sought by the appellant. Id. at 539, 518 S.E.2d at 339.

Applying these principles, we find that the evidence supported the trial court's award of sole legal and physical custody to father and that the decision was not plainly wrong. The evidence of two credible expert witnesses suggested that father was better equipped to meet the emotional, intellectual, and physical needs of child. Moreover, mother's behavior sufficiently demonstrated to the trial court that she would not support child's contact and relationship with father, that her involvement in child's life was not altogether positive, and that she had been willfully non-compliant with the terms of her custody and the authority of the court. Based on this evidence, and in spite of credible evidence to the contrary, the trial court determined it would be in child's best interests to be in the sole legal and physical custody of father rather than mother. Notwithstanding the trial court's reservations as to both parents' fitness for custody, we will not reweigh the evidence on appeal. Such was the trial court's purview, and its conclusion was clearly within the proper ambit of its discretion; neither plainly wrong nor unsupported by the evidence.

## IV. ATTORNEYS' FEES

Both father and mother request costs and attorneys' fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts

expended on appeal is clear. The appellate court has the opportunity
to view the record in its entirety and determine whether the appeal is
frivolous or whether other reasons exist for requiring additional
payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration

of the entire record in this case, we hold that neither party is entitled to costs or attorneys' fees in the

matter.

## V. CONCLUSION

For these reasons, we affirm the judgment of the trial court.

Affirmed.