COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Haley and Senior Judge Willis


DALE WARREN DOVER, GUARDIAN
 *AD LITEM* FOR THE MINOR CHILD

MEMORANDUM OPINION[*]

v.        Record No. 0142-11-4                                    PER CURIAM
                                                                 JULY 12, 2011

VICTORIA WALKER


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

(Dale Warren Dover, Guardian *ad litem* for the minor child, on
brief).

(Debra Susan Bray; Amole & Bray, P.C., on brief), for appellee.

(Stephen F. Moller, on brief), for Paul Rafik Pickett.


Dale W. Dover, guardian *ad litem* for N.P., appeals from an order that transferred custody

of the child to the mother after the trial court had adjudicated that the child was abused or

neglected.  On appeal, appellant argues that the trial court erred by (1) ordering that custody of

the child be transferred to the mother after adjudicating that the child was abused or neglected;

(2) denying the removal of the child after declining to hear evidence pertaining to the removal

and disposition of the child and the denial of the removal is not in the best interests of the child;

and (3) directing the juvenile and domestic relations district court to return the child to the

mother and enter child protective orders.

Paul Rafik Pickett, the child's father, moved to dismiss the appeal because appellant

failed to provide him with a copy of the notice of appeal.  The record reflects that appellant's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

notice of appeal was provided to the mother and the Alexandria Department of Human Services; however, a copy was not provided to the father, who is an indispensable party to the appeal. A person is an indispensable party "where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim." Asch v. Friends of Mount Vernon Yacht Club, 251 Va. 89, 90-91, 465 S.E.2d 817, 818 (1996) (citations omitted). "A necessary or indispensable party is 'so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed.'" Yopp v. Hodges, 43 Va. App. 427, 434, 598 S.E.2d 760, 763-64 (2004) (quoting Asch, 251 Va. at 91, 465 S.E.2d at 818). In this case, father's interest in the custody of his child could be defeated or diminished by appellant's claim, making him an indispensable party.

This Court cannot hear an appeal unless all indispensable parties are included on the notice of appeal. Watkins v. Fairfax County Dep't of Family Services, 42 Va. App. 760, 765-66, 595 S.E.2d 19, 21-22 (2004). Rule 5A:6(d) provides:

> *Certificate.* --The appellant shall include with the notice of appeal a certificate stating:
>
> (1) the names and addresses of all appellants and appellees, the name, Virginia State Bar number, mailing address, telephone number (including any applicable extension), facsimile number (if any), and e-mail address (if any) of counsel for each party, and the mailing address, telephone number, facsimile number (if any), and e-mail address (if any) of any party not represented by counsel; and
>
> (2) that a copy of the notice of appeal has been mailed or delivered to all opposing counsel . . . .

Here, appellant failed to provide a copy of the notice of appeal to father and neglected to include him and his counsel in the certificate.

In addition, father did not waive this issue. He timely raised it to the Court. <u>See</u> <u>Ghameshlouy v. Commonwealth</u>, 279 Va. 379, 394, 689 S.E.2d 698, 706 (2010) (appellees waived the issue of whether the appeal should be dismissed because the notice of appeal failed to name the proper appellee).

Accordingly, this appeal is dismissed.

<u>Dismissed</u>
