# A. Edward Raney

## v.

# Four Thirty Seven Land Company, Inc.

Record No. 840648

June 12, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

* Justice Cochran participated in the hearing of this case prior to the effective date of his retirement on April 20, 1987, and in the decision of this case subsequent to that date.

*Paul English Smith (Hall, Monahan, Engle, Mahan & Mitchell,* on briefs), for appellant.
*Stephen K. Fox (Douglas J. Sanderson,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This controversy involves the ownership in fee of the servient tenement in a right-of-way burdened by an easement of necessity. The dispositive question is whether necessary parties were before the court in an earlier proceeding.

The area in dispute is a right-of-way, variously described as a "pipestem" or a "dog-leg" shown as "A" and "B" on the diagram attached as an appendix to this opinion. The essential facts are undisputed.

In the late 19th century, Mary Darrell owned a 190-acre tract of land on the Potomac River in Loudoun County. In 1876, a neighbor named Whaley conveyed to her "a piece of land 12 feet wide." The deed recited that the conveyance was "for use of her landing." Later conveyances by Whaley excepted the 12-foot strip, reciting that it had been conveyed "for a road." The strip contained approximately one-half acre, and the parties agree that it is the "pipestem" marked "A" and "B" on the appendix, bordering the Whaley tract. Mary Darrell died intestate in 1892, leaving as her sole heirs her two children, Susan Darrell Palmer and G.A. Darrell. Those parties divided the 190-acre tract between themselves by a deed of partition in 1892. G.A. Darrell received the northerly 90 acres adjacent to the river ("lot 2" on the diagram) and Susan Darrell Palmer received the southerly 100 acres ("lot 1"). No mention was made, in the partition, of the "pipestem," although it was the only outlet to a public road for both tracts.[1]

---

[1] The plat attached to the partition deed did, however, provide for a "passway," 12 feet wide, shown as "C" on the appended diagram, along the eastern boundary of Susan Darrell Palmer's tract for the benefit of G.A. Darrell's tract. The Deed also provided for a "free passway" across G.A. Darrell's land to a spring and thence to the river, for the benefit of Susan Palmer's tract. Those easements are undisputed and are not involved in this appeal.

G.A. Darrell's will, admitted to probate in 1937 in Fairfax County, required his executors to sell his land and to pay the proceeds to the School Board of the Town of Herndon in trust for educational purposes. A. Edward Raney (Raney) became owner of the 90-acre tract, but the deeds in his chain of title made no mention of the "pipestem."

Susan Darrell Palmer and her husband died intestate. In 1917, their heirs conveyed the 100-acre tract to Edward E. Allen, along with the 20-acre Whaley tract from which the "pipestem" had been carved in 1876, the Palmers having acquired the Whaley tract in 1896. The 1917 deed from the Palmer heirs to Allen purported to convey the underlying fee simple in the "pipestem," but if Mary Darrell had been its owner in fee simple at her death, then G.A. Darrell was, in 1917, the owner of an undivided one-half interest in it. Through mesne conveyances, Four Thirty Seven Land Company, Inc. (Four Thirty Seven) has succeeded to Allen's title to the Whaley and Palmer tracts, which it is developing in connection with adjoining lands.

## I.  THE LOUDOUN CASE

The "pipestem" has been involved in three separate judicial proceedings. The first was a Motion for Judgment to Establish Boundary Lines, brought by Raney against Four Thirty Seven in the Circuit Court of Loudoun County, which was consolidated with two chancery suits. By final decree entered January 19, 1982, that court, Judge Carlton Penn presiding, ruled that the 1876 deed had conveyed the one-half acre "pipestem" to Mary Darrell in fee simple, the words "for use of her landing" being merely descriptive of the purpose of the conveyance rather than a limitation on the grant. The decree further provided

> "that Mr. Raney has no fee simple ownership in or of the aforesaid half-acre parcel and that, instead, he has an easement by necessity, all as more particularly described in the transcript dated November 24, 1981, which is attached hereto and incorporated herein by reference, for ingress and egress to his property from a public road . . . ."[2]

---

[2] The decree also confirmed the easements by grant mentioned in the preceding footnote.

In an oral opinion from the bench preceding entry of the decree, the court traced the devolution of title to the various parcels involved in the litigation and defined the nature of the three easements found to exist. The transcript to which the decree refers contains a colloquy with counsel in which the court expressed the opinion that the underlying fee simple title to the "pipestem" had never "been conveyed out of Susan Palmer and George Darrell." Raney petitioned this Court for an appeal, Four Thirty Seven filed a Brief in Opposition, and we refused an appeal on September 9, 1982.

## II. THE FIDUCIARY PROCEEDING

In February 1982, pending the filing of Raney's notice of appeal in the Loudoun case, and without notice to Four Thirty Seven, Raney filed in the Circuit Court of Fairfax County a "Petition to Appoint Administrator De Bonis Non Under the Last Will and Testament of George A. Darrell." The petition recited that although G.A. Darrell's will had directed his executors to sell all real estate of which he died seised, the executors had failed to convey the 12-foot-wide "pipestem," having omitted it from their deed by clerical error. He asked that the trustees of the Herndon School Board, as residuary legatees under Darrell's will, be made parties to the petition and that an administrator c.t.a. d.b.n. be appointed to convey Darrell's interest in the "pipestem." The court referred the petition to a commissioner in chancery who heard evidence and reported that all necessary parties were before the court, that G.A. Darrell had only a one-half interest in the "pipestem," and that the other one-half interest was outstanding in the successors in title to the heirs of Susan D. Palmer. The commissioner recommended that an administrator c.t.a. d.b.n. be appointed to sell the Darrell one-half interest.

Raney and the Herndon School Board agreed that the value of G.A. Darrell's one-half interest in the one-half acre "pipestem" was $500. A "consent order" was entered by the Circuit Court of Fairfax County, Judge Quinlan H. Hancock presiding, on December 27, 1982, appointing "successor executors" under the will of G.A. Darrell. The "successor executors" delivered a deed to Raney on January 5, 1983, conveying Darrell's one-half interest in the "pipestem" to him in consideration of $500 to be paid to the School Board. That deed has been recorded in Loudoun County.

## III. THE PRESENT SUIT

On May 13, 1983, Four Thirty Seven filed in the Circuit Court of Fairfax County a "Petition of Declaratory Judgment (In the Nature of a Bill of Review and/or a Writ of Error Coram Vobis) and Ancillary Relief." The present appeal arises from this, the third proceeding involving the same land. Four Thirty Seven's petition alleged that Raney had instituted the fiduciary proceeding to reopen the Darrell estate in bad faith, knowing that Four Thirty Seven claimed an interest in the "pipestem," but failing to give Four Thirty Seven notice and informing the court that Raney and the School Board were the only parties in interest. Four Thirty Seven contended that it was a necessary party to the fiduciary proceeding and that its omission as a party was a jurisdictional defect. Four Thirty Seven asked that all orders in the fiduciary proceeding be declared void and that the deed conveying Darrell's one-half interest to Raney be rescinded and set aside. The court, Judge Barbara M. Keenan presiding, ruled that Four Thirty Seven had been a necessary party to the fiduciary proceeding and that the court had been without jurisdiction to proceed because of Four Thirty Seven's absence. The court entered a final decree declaring all orders in the fiduciary proceeding null and void, declaring the deed from Darrell's "successor executors" to Raney void, and enjoining Raney from further proceedings in the fiduciary case until Four Thirty Seven was made a party. We granted Raney an appeal.

The final decree entered by Judge Penn in the Loudoun County case held that Raney had no fee simple interest in the "pipestem," but did not expressly decide the question of its ownership. If the transcript of the court's colloquy with counsel is to be read as a part of the decree, it becomes apparent that the court was of opinion that the title had become vested in Susan Darrell Palmer and her brother, G.A. Darrell, as tenants in common. On appeal, both Raney and Four Thirty Seven have argued the question whether the transcript should be read as a part of, or as a supplement to, the Loudoun decree. In our view, that question is immaterial and does not affect the result.

Both parties here were before the Circuit Court of Loudoun County and are bound by its decree of January 19, 1982. That decree became final 21 days after its entry, and we refused an appeal. The parties are collaterally estopped from the relitigation of all issues decided in that case. See *Burks Brothers of Vir-*

*ginia* v. *Jones,* 232 Va. 238, 247-48, 349 S.E.2d 134, 140 (1986). The Circuit Court of Loudoun County, in that decree, expressly determined that fee simple title in the "pipestem" had been conveyed to Mary A. Darrell in 1876. Both parties to this suit are estopped to deny that title remained in her until her death, because each of them claims through her heirs. For the same reason, each party is estopped to deny that title to the "pipestem" passed by intestate succession to Susan Palmer and to G.A. Darrell, because their claims are derived from those predecessors, respectively. It is axiomatic that one who claims an interest in property is estopped to deny the title of his predecessors in interest. *Bolling* v. *Teel,* 76 Va. 487, 493 (1882).

In the fiduciary proceeding, Raney contended that G.A. Darrell had owned the entire fee and that Raney was entitled to conveyance of it from Darrell's executors. In its brief in opposition to Raney's petition for appeal in the Loudoun case, and again in its pleadings in this case, Four Thirty Seven asserted a claim to the entire fee based upon the sweeping language in the deed from Susan Palmer's heirs to Four Thirty Seven's predecessor, Allen. Unfortunately, there is nothing particularly novel in the assertion of exaggerated claims. The Loudoun decree and the land records upon which the parties' claims were based were matters of public record. It was apparent from an examination of those records that both claims were exaggerated and that neither party was entitled to a greater interest than that held by its respective predecessor: an undivided one-half interest as tenant in common.

Four Thirty Seven made a showing, in this proceeding, that it had a record chain of title to that interest formerly owned by Susan Darrell Palmer. Four Thirty Seven had no claim upon the other one-half interest, formerly owned by G.A. Darrell. Conversely, Raney, in attempting to acquire the Darrell interest through the fiduciary proceeding, could not affect Four Thirty Seven's interest.

Our definition of "necessary parties" is broad:

Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*Gaddess* v. *Norris*, 102 Va. 625, 630, 46 S.E. 905, 907 (1904) (citations omitted). Four Thirty Seven, however, had neither actual enjoyment, nor possession, nor expectancy of that interest, formerly vested in G.A. Darrell, which Raney sought to acquire in the fiduciary proceeding. Four Thirty Seven's interest was separate, distinct, and entirely unaffected. Its exaggerated claim to the entire fee could not alter its actual position and transmute it into a "necessary party." One who asserts an unfounded claim to an interest in property does not thereby become entitled to be made a party to all legal proceedings affecting that property. The trial court therefore erred in holding that Four Thirty Seven was a "necessary party" to the fiduciary proceeding.[3]

Accordingly, we will reverse the decree appealed from, dissolve the injunction contained therein, and reinstate the orders entered in the fiduciary proceeding.

*Reversed and final judgment.*

---

[3] The trial court held that Raney had standing to file his fiduciary petition, that he was not guilty of fraud, and that his claim was not barred by the statute of limitations. These rulings are not challenged on appeal.

APPENDIX

N

W———|———E

S

POTOMAC RIVER        (Not to Scale)

Lot 2

90 acres
(Formerly G.A. Darrell)

RANEY

Lot 1

100 acres
(Formerly Susan
   Darrell Palmer)

437 LAND CO.

C

B

Whaley tract        A

State
Route
777