T.C. Memo. 2000-272


UNITED STATES TAX COURT


PM TRUST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16053-99.                    Filed August 29, 2000.


<u>Cheryl R. Frank</u> and <u>Gerald W. Kelly</u>, for petitioner.[1]

<u>Mary Ann Waters</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Respondent moves the Court to dismiss this
case for lack of jurisdiction, arguing that the petition was not
filed with the Court by a proper party as required by Rule

---

[1] Ms. Frank and Mr. Kelly entered their appearance on July
17, 2000.  Petitioner's petition was filed with the Court by
petitioner's managing director, David Jablonski (Mr. Jablonski).

60(a).[2] The petition was filed with the Court in the name of petitioner by Mr. Jablonski, in his stated capacity as petitioner's managing director. Petitioner is purportedly an irrevocable trust, the settlor of which is Mr. Jablonski. Petitioner petitioned the Court to redetermine respondent's determination of deficiencies of $126,279 and $25,265 in its Federal income tax for 1995 and 1996, respectively, and accuracy-related penalties under section 6662(a) of $25,255.80 and $5,053, respectively.

On June 27, 2000, we ordered petitioner to respond to respondent's motion by July 11, 2000, setting forth in its response its position as to the motion and attaching any pertinent documents in support of its position. We ordered petitioner to list in its response the name of its trustee and a list of its assets and liabilities as of the date of the response. We ordered petitioner to attach to its response a copy of the trust instrument(s) under which it has operated on or after the date of the petition. We admonished petitioner that we might dismiss its case if it did not comply fully with our order.

On July 17, 2000, petitioner filed its response with the Court. The response attached a copy of a trust instrument for

---

[2] Rule references are to the Tax Court Rules of Practice and Procedure. Section references are to the Internal Revenue Code in effect for the years in issue.

petitioner dated April 5, 1996, but did not list either the name of petitioner's trustee or petitioner's assets or liabilities as of the date of the response. Nor did the response set forth petitioner's position as to respondent's motion. Petitioner prayed in the response that the Court give it until July 25, 2000, to comply with our Order. We granted petitioner's prayer, ordering it to file with the Court a supplement to its response by July 26, 2000.[3] Petitioner never filed such a supplement with the Court, and it never requested a further extension of time in order to do so. Respondent filed with the Court on August 2, 2000, a reply to petitioner's response.

We must decide whether to grant respondent's motion. We are a legislatively created (Article I) Court, and, consequently, our jurisdiction flows directly from Congress. See Freytag v. Commissioner, 501 U.S. 868, 870 (1991); Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. Jurisdiction must be shown affirmatively, and petitioner, as the party desiring to invoke our jurisdiction, must establish affirmatively all facts giving rise to our jurisdiction. See Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v.

---

[3] In addition to our regular service of process, we telephoned petitioner's counsel on July 24, 2000, to inform them of this extension.

Commissioner, 35 T.C. 177, 180 (1960); National Comm. to Secure Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957). Petitioner must establish that: (1) Respondent issued to it a valid notice of deficiency, and (2) someone authorized to act on its behalf filed with the Court a timely petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Fehrs v. Commissioner, supra at 348; National Comm. to Secure Justice, Etc. v. Commissioner, supra at 839. See generally sec. 6213(a) (a taxpayer such as petitioner must file with the Court a petition for redetermination within 90 days from the date of the notice of deficiency).

The fact that respondent issued to petitioner a valid notice of deficiency is not in dispute. We focus on the second requirement; i.e., a timely petition. Respondent issued the notice of deficiency to petitioner on July 15, 1999. Thus, to invoke our jurisdiction, petitioner had to cause a proper petition to be filed with the Court on or before October 13, 1999. See sec. 6213(a). It is not enough that petitioner may have simply caused to be forwarded to this Court within the statutory period a petition for filing. In regard to a taxpayer such as petitioner, a proper filing requires that the taxpayer tendering (or causing to be tendered through an agent) a petition to the Court for filing have the capacity to litigate in this Court. See Rule 60(c); see also David Dung Le, M.D., Inc. v.

<u>Commissioner</u>, 114 T.C. 268 (2000); <u>Renaissance Enters. Trust v.</u>
<u>Commissioner</u>, T.C. Memo. 2000-226.

Whether petitioner has the capacity to litigate in this
Court is determined by applicable State law, which, in this case,
appears to be the law of Virginia.[4]  See Rule 60(c).  On the
basis of our review of that law and of the trust instrument, we
are unable to conclude that Mr. Jablonski, the only signatory on
the petition, had the requisite capacity to petition this Court
on petitioner's behalf.  Accord <u>Mendenhall v. Douglas L. Cooper,</u>
<u>Inc.</u>, 387 S.E.2d 468 (Va. 1990); <u>Raney v. Four Thirty Seven Land</u>
<u>Co.</u>, 357 S.E.2d 733, 736 (Va. 1987); <u>Fisher v. Dickenson</u>, 4 S.E.
737 (Va. 1888); cf. <u>Walt Robbins, Inc. v. Damon Corp.</u>, 348 S.E.2d
223, 226 (Va. 1986) (the trustee of an antecedent deed of trust
is a necessary party in a suit to enforce a mechanic's lien).
Petitioner is purportedly an irrevocable trust, and Mr. Jablonski
is not petitioner's trustee;[5] Mr. Jablonski is listed on the
petition, but not in the trust instrument, as petitioner's so-
called managing director.  The trust instrument does not define

_____

[4] In addition to the fact that petitioner's mailing address
is in Alexandria, Virginia, the trust instrument was executed in
that city.

[5] The record does contain a letter dated Mar. 24, 2000, from
Mr. Jablonski to respondent's counsel, that Mr. Jabonski signed
as "Trusttee" (sic).  However, the trust instrument does not name
Mr. Jablonski as trustee.  The record as a whole does not support
a finding that Mr. Jablonski is petitioner's trustee.

the term "managing director", and it does not set forth the powers, duties, or responsibilities of a person who holds that title.[6] Nor is petitioner's trustee a party to this proceeding. According to the trust instrument, petitioner's trustee is the David Johnson Trust, the trustee of which is Zola Sheenan. The petition that was filed with the Court by Mr. Jablonski makes no reference to either Ms. Sheenan or the David Johnson Trust.

Petitioner has left us unpersuaded that we have jurisdiction over its case. Thus, we shall grant respondent's motion to dismiss this case for lack of jurisdiction.[7] See AL Trust v. Commissioner, T.C. Memo. 2000-276; YMO Trust v. Commissioner, T.C. Memo. 2000-275; BHC Trust v. Commissioner, T.C. Memo. 2000-

---

[6] By contrast, the trust instrument provides explicitly that "THE TRUSTEES shall hold all property of the Trust Organization as joint tenants in fee simple and shall comprise the Board of Trustees for conducting the affairs of the Trust Organization." The trust instrument provides further that "THE TRUSTEES shall hold office and exercise collectively the control of the Trust Organization property and affairs. All major actions and decisions * * * on the part of the Trust Organization shall be made by the Trustees acting unanimously".

We also note that the record contains a document dated Apr. 28, 1994, entitled "MINUTES OF THE INITIAL TRUSTEE MEETING OF PM TRUST." This document provides that the managing director is authorized to "conduct day to day routine business". This document provides further that the managing director must receive board approval for any important matter; e.g., a legal determination.

[7] Petitioner has also failed to persuade us that it actually existed on the date of the petition. We lack jurisdiction when a petitioning trust is a nonexistent entity. See Patz v. Commissioner, 69 T.C. 497, 501 (1977).

274; <u>Malvern Hills Trust v. Commissioner</u>, T.C. Memo. 2000-273;[8] cf. <u>Renaissance Enters. Trust v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

<u>An appropriate order of</u>
<u>dismissal for lack of</u>
<u>jurisdiction will be entered</u>.

---

[8] We have decided the same issue adverse to the trusts in the cases of <u>Al Trust</u>, <u>BHC Trust</u>, <u>Malvern Hills Trust</u>, and <u>YMO Trust</u>.  Mr. Jablonski also petitioned the Court on behalf of each of those trusts, and the records in those cases were virtually identical to the record at hand.