T.C. Memo. 2000-273

UNITED STATES TAX COURT

MALVERN HILLS TRUST, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16054-99.                    Filed August 29, 2000.

Cheryl R. Frank and Gerald W. Kelly, for petitioner.[1]

Mary Ann Waters, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Respondent moves the Court to dismiss this
case for lack of jurisdiction, arguing that the petition was not
filed with the Court by a proper party as required by Rule

_____

[1] Ms. Frank and Mr. Kelly entered their appearance on July
17, 2000.  Petitioner's petition was filed with the Court by
petitioner's contractor, David Jablonski (Mr. Jablonski).

60(a).[2]  The petition was filed with the Court in the name of
petitioner by Mr. Jablonski, in his stated capacity as
petitioner's contractor.  Petitioner is purportedly an
irrevocable trust, the settlor of which is Marsha Dulaney
Jablonski.[3]  Petitioner petitioned the Court to redetermine
respondent's determination of deficiencies of $19,007 and $18,988
in its Federal income tax for 1995 and 1996, respectively,
accuracy-related penalties under section 6662(a) of $3,801.40 and
$3,797.60, respectively, and additions to tax under section
6651(a)(1) of $950.35 and $949.40, respectively.

On June 27, 2000, we ordered petitioner to respond to
respondent's motion by July 11, 2000, setting forth in its
response its position as to the motion and attaching any
pertinent documents in support of its position.  We ordered
petitioner to list in its response the name of petitioner's
trustee and a list of petitioner's assets and liabilities as of
the date of the response.  We ordered petitioner to attach to its
response a copy of the trust instrument(s) under which it has
operated on or after the date of the petition.  We admonished

_____

[2] Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the Internal Revenue Code
in effect for the years in issue.

[3] Ms. Jablonski is also listed in a document dated May 17,
1994, entitled "MINUTES OF THE INITIAL TRUSTEE MEETING OF MALVERN
HILLS TRUST", as petitioner's managing director.

petitioner that we might dismiss its case if it did not comply fully with our order.

On July 17, 2000, petitioner filed its response with the Court. The response attached a copy of a trust instrument for petitioner dated May 17, 1994, but did not list either the name of petitioner's trustee or petitioner's assets or liabilities as of the date of the response. Nor did the response set forth petitioner's position as to respondent's motion. Petitioner prayed in the response that the Court give it until July 25, 2000, to comply with our Order. We granted petitioner's prayer, ordering it to file with the Court a supplement to its response by July 26, 2000.[4] Petitioner never filed such a supplement with the Court, and it never requested a further extension of time in order to do so. Respondent filed with the Court on August 2, 2000, a reply to petitioner's response.

We must decide whether to grant respondent's motion. We are a legislatively created (Article I) Court, and, consequently, our jurisdiction flows directly from Congress. See Freytag v. Commissioner, 501 U.S. 868, 870 (1991); Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. Jurisdiction must be shown

---

[4] In addition to our regular service of process, we telephoned petitioner's counsel on July 24, 2000, to inform them of this extension.

affirmatively, and petitioner, as the party desiring to invoke our jurisdiction, must establish affirmatively all facts giving rise to our jurisdiction.  See Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); National Comm. to Secure Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957).  Petitioner must establish that:  (1) Respondent issued to it a valid notice of deficiency, and (2) someone authorized to act on its behalf filed with the Court a timely petition.  See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Fehrs v. Commissioner, supra at 348; National Comm. to Secure Justice, Etc. v. Commissioner, supra at 839.  See generally sec. 6213(a) (a taxpayer such as petitioner must file with the Court a petition for redetermination within 90 days from the date of the notice of deficiency).

The fact that respondent issued to petitioner a valid notice of deficiency is not in dispute.  We focus on the second requirement; i.e., a timely petition.  Respondent issued the notice of deficiency to petitioner on July 15, 1999.  Thus, to invoke our jurisdiction, petitioner had to cause a proper petition to be filed with the Court on or before October 13, 1999.  See sec. 6213(a).  It is not enough that petitioner may have simply caused to be forwarded to this Court within the statutory period a petition for filing.  In regard to a taxpayer

such as petitioner, a proper filing requires that the taxpayer tendering (or causing to be tendered through an agent) a petition to the Court for filing have the capacity to litigate in this Court. See Rule 60(c); see also David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268 (2000); Renaissance Enters. Trust v. Commissioner, T.C. Memo. 2000-226.

Whether petitioner has the capacity to litigate in this Court is determined by applicable State law, which, in this case, appears to be the law of Virginia.[5] See Rule 60(c). On the basis of our review of that law and of the trust instrument, we are unable to conclude that Mr. Jablonski, the only signatory on the petition, had the requisite capacity to petition this Court on petitioner's behalf. Accord Mendenhall v. Douglas L. Cooper, Inc., 387 S.E.2d 468 (Va. 1990); Raney v. Four Thirty Seven Land Co., 357 S.E.2d 733, 736 (Va. 1987); Fisher v. Dickenson, 4 S.E. 737 (Va. 1888); cf. Walt Robbins, Inc. v. Damon Corp., 348 S.E.2d 223, 226 (Va. 1986) (the trustee of an antecedent deed of trust is a necessary party in a suit to enforce a mechanic's lien). Petitioner is purportedly an irrevocable trust, and Mr. Jablonski is not petitioner's trustee;[6] Mr. Jablonski is listed on the

---

[5] In addition to the fact that petitioner's mailing address is in Alexandria, Virginia, the trust instrument was executed in that city.

[6] The record does contain a letter dated Mar. 24, 2000, from
(continued...)

petition as petitioner's so-called contractor.  The trust instrument does not define the term "contractor", and it does not set forth the powers, duties, or responsibilities of a person who holds that title.[7]  Nor is petitioner's trustee a party to this proceeding.  According to the trust instrument, petitioner's trustee is Zola Sheenan, and the petition that was filed with the Court by Mr. Jablonski makes no reference to Ms. Sheenan.

Petitioner has left us unpersuaded that we have jurisdiction over its case.  Thus, we shall grant respondent's motion to dismiss this case for lack of jurisdiction.[8]  See AL Trust v. Commissioner, T.C. Memo. 2000-276; YMO Trust v. Commissioner, T.C. Memo. 2000-275; BHC Trust v. Commissioner, T.C. Memo. 2000-

---

[6](...continued)
Mr. Jablonski to respondent's counsel, that Mr. Jabonski signed as "Trustee" (sic).  However, the trust instrument does not name Mr. Jablonski as trustee.  The record as a whole does not support a finding that Mr. Jablonski is petitioner's trustee.

[7] By contrast, the trust instrument provides explicitly that "THE TRUSTEES shall hold all property of the Trust Organization as joint tenants in fee simple and shall comprise the Board of Trustees for conducting the affairs of the Trust Organization." The trust instrument provides further that "THE TRUSTEES shall hold office and exercise collectively the control of the Trust Organization property and affairs.  All major actions and decisions * * * on the part of the Trust Organization shall be made by the Trustees acting unanimously".

[8] Petitioner has also failed to persuade us that it actually existed on the date of the petition.  We lack jurisdiction when a petitioning trust is a nonexisting entity.  See Patz v. Commissioner, 69 T.C. 497, 501 (1977).

274; <u>PM Trust v. Commissioner</u>, T.C. Memo. 2000-272;[9] cf.
<u>Renaissance Enters. Trust v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

An appropriate order of
dismissal for lack of
jurisdiction will be entered.

---

[9] We have decided the same issue adverse to the trusts in the cases of <u>Al Trust</u>, <u>BHC Trust</u>, <u>PM Trust</u>, and <u>YMO Trust</u>. Mr. Jablonski also petitioned the Court on behalf of each of those trusts, and the records in those cases were virtually identical to the record at hand.