T.C. Memo. 2000-331

UNITED STATES TAX COURT

ABFA TRUST, DAVID JABLONSKI, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16061-99.                    Filed October 25, 2000.

<u>Cheryl R. Frank</u> and <u>Gerald W. Kelly</u>, for petitioner.[1]

<u>Mary Ann Waters</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Respondent moves the Court to dismiss this
case for lack of jurisdiction, arguing that the petition was not

---

[1] Ms. Frank and Mr. Kelly entered their appearance on July
17, 2000.  Petitioner's petition was filed with the Court by
David Jablonski (Mr. Jablonski), in his stated capacity as
petitioner's trustee.

filed with the Court by a proper party as required by Rule
60(a).[2]  The petition was filed with the Court in the name of
petitioner by Mr. Jablonski, in his stated capacity as
petitioner's trustee.  Petitioner petitioned the Court to
redetermine respondent's determination of deficiencies of
$323,810 and $245,822 in its Federal income tax for 1995 and
1996, respectively, accuracy-related penalties under section
6662(a) of $64,762 and $49,164.40, respectively, and a $64,762
addition to tax for 1995 under section 6651(a).

On June 27, 2000, we ordered petitioner to respond to
respondent's motion by July 11, 2000, setting forth in its
response its position as to the motion and attaching any
pertinent documents in support of its position.  We ordered
petitioner to list in its response the name of its trustee and a
list of its assets and liabilities as of the date of the
response.  We ordered petitioner to attach to its response a copy
of the trust instrument(s) under which it has operated on or
after the date of the petition.  We admonished petitioner that we
might dismiss its case if it did not comply fully with our order.

On July 17, 2000, petitioner filed its response with the
Court.  The response attached a copy of a trust instrument for

---

[2] Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the Internal Revenue Code
in effect for the years in issue.

the ADFA Trust but not did include any trust instrument for petitioner (the ABFA Trust). Nor did the response set forth petitioner's position as to respondent's motion. Petitioner prayed in the response that the Court give it until July 25, 2000, to comply with our Order. We granted petitioner's prayer, ordering it to file with the Court a supplement to its response by July 26, 2000.[3] Petitioner never filed such a supplement with the Court, and it never requested a further extension of time in order to do so. Respondent filed with the Court on August 2, 2000, a reply to petitioner's response.

We must decide whether to grant respondent's motion. We are a legislatively created (Article I) Court, and, consequently, our jurisdiction flows directly from Congress. See Freytag v. Commissioner, 501 U.S. 868, 870 (1991); Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. Jurisdiction must be shown affirmatively, and petitioner, as the party desiring to invoke our jurisdiction, must establish affirmatively all facts giving rise to our jurisdiction. See Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); National Comm. to Secure

_____

[3] In addition to our regular service of process, we telephoned petitioner's counsel on July 24, 2000, to inform them of this extension.

Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957).
Petitioner must establish that: (1) Respondent issued to it a
valid notice of deficiency, and (2) someone authorized to act on
its behalf filed with the Court a timely petition. See Rule
13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Fehrs
v. Commissioner, supra at 348; National Comm. to Secure Justice,
Etc. v. Commissioner, supra at 839. See generally sec. 6213(a)
(a taxpayer such as petitioner must file with the Court a
petition for redetermination within 90 days from the date of the
notice of deficiency).

The fact that respondent issued to petitioner a valid notice
of deficiency is not in dispute. We focus on the second
requirement; i.e., a timely petition. Respondent issued the
notice of deficiency to petitioner on July 15, 1999. Thus, to
invoke our jurisdiction, petitioner had to cause a proper
petition to be filed with the Court on or before October 13,
1999. See sec. 6213(a). It is not enough that petitioner may
have simply caused to be forwarded to this Court within the
statutory period a petition for filing. In regard to a taxpayer
such as petitioner, a proper filing requires that the taxpayer
tendering (or causing to be tendered through an agent) a petition
to the Court for filing have the capacity to litigate in this
Court. See Rule 60(c); see also David Dung Le, M.D., Inc. v.

Commissioner, 114 T.C. 268 (2000); Renaissance Enter. Trust v. Commissioner, T.C. Memo. 2000-226.

Whether petitioner has the capacity to litigate in this Court is determined by applicable State law, which, in this case, appears to be the law of Virginia.[4]  See Rule 60(c).  On the basis of our review of that law, we are unable to conclude that Mr. Jablonski, the only signatory on the petition, had the requisite capacity to petition this Court on petitioner's behalf. Accord Mendenhall v. Douglas L. Cooper, Inc., 387 S.E.2d 468 (Va. 1990); Raney v. Four Thirty Seven Land Co., 357 S.E.2d 733, 736 (Va. 1987); Fisher v. Dickenson, 4 S.E. 737 (Va. 1888); cf. Walt Robbins, Inc. v. Damon Corp., 348 S.E.2d 223, 226 (Va. 1986) (the trustee of an antecedent deed of trust is a necessary party in a suit to enforce a mechanic's lien).  Petitioner is purportedly a trust, and Mr. Jablonski has not been proven to be its trustee.

Petitioner has left us unpersuaded that we have jurisdiction over its case.  Thus, we shall grant respondent's motion to dismiss this case for lack of jurisdiction.[5]  See AL Trust v. Commissioner, T.C. Memo. 2000-276; YMO Trust v. Commissioner,

---

[4] Petitioner's mailing address is in Alexandria, Virginia.

[5] Petitioner has also failed to persuade us that it actually existed on the date of the petition.  We lack jurisdiction when a petitioning trust is a nonexisting entity, and such is the case where a trust lacks a corpus.  See Patz v. Commissioner, 69 T.C. 497, 501 (1977).  The record leads us to believe that petitioner has no corpus.

T.C. Memo. 2000-275; <u>BHC Trust v. Commissioner</u>, T.C. Memo. 2000-274; <u>Malvern Hills Trust v. Commissioner</u>, T.C. Memo. 2000-273; <u>PM Trust v. Commissioner</u>, T.C. Memo. 2000-272;[6] cf. <u>Renaissance Enters. Trust v. Commissioner</u>, <u>supra</u>.  To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.

---

[6] We have decided the same issue adverse to the trusts in the cases of <u>AL Trust</u>, <u>BHC Trust</u>, <u>Malvern Hills Trust</u>, <u>PM Trust</u>, and <u>YMO Trust</u>.  Mr. Jablonski also petitioned the Court on behalf of each of those trusts.