T.C. Memo. 2001-315


UNITED STATES TAX COURT


TARRAGON TRUST, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10709-00.                    Filed December 20, 2001.


Sam D. Scholar, for petitioner.

Mary Ann Waters, for respondent.


MEMORANDUM OPINION


DAWSON, Judge:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with

and adopts the opinion of the Special Trial Judge, which is set

forth below.

------

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent maintains that the petition was not filed by a person with authority to represent Tarragon Trust (Tarragon or petitioner).[2] Petitioner opposes respondent's motion. As discussed in detail below, we shall grant respondent's motion to dismiss.

Procedural Background

Respondent issued a notice of deficiency to Tarragon determining deficiencies in its Federal income taxes and additions to tax as follows:

| | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| --- | --- | --- | --- |
| 1995 | $65,975 | $16,494 | --- |
| 1996 | 61,390 | 15,347 | To be determined. |

The Court subsequently received and filed a timely petition for redetermination challenging the notice of deficiency. The petition was signed "Paul Jablonski, Mng Dir".

---

[2] Use of the terms "trust", "trustee", "trust instrument", and their derivatives is intended only for narrative convenience to describe the form of the disputed transactions. By our use of such terms, we do not mean to suggest any conclusion concerning the actual substance or characterization of the transactions for tax purposes.

Further, throughout the evidentiary record in this case, references to petitioner appear as both "Tarragon" and "Taragon". In this opinion, we utilize the former spelling. See Webster's Third New International Dictionary (1993).

Respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed by a person authorized to represent petitioner in this matter. Petitioner filed a response to respondent's motion, asserting that Paul Jablonski is its duly appointed trustee.

The Court subsequently issued an Order directing petitioner to file a supplemental response to respondent's motion to dismiss attaching thereto: (1) A complete copy of the original trust instrument; (2) a complete copy of all trust records relating to the appointment, resignation, and/or acceptance of appointment by trustee(s); and (3) a copy of all Forms 56, Notice of Fiduciary Relationship, if any, filed with the Commissioner in the name of the trust. Thereafter, petitioner filed a supplemental response to respondent's motion, attaching several documents, including the purported Tarragon trust instrument and certain records relating to the appointment of trustees.[3]

This matter was called for an initial hearing and, later, an evidentiary hearing at motions sessions in Washington, D.C. Counsel for both parties appeared at the hearings and offered argument and evidence with respect to respondent's motion to dismiss.

At the evidentiary hearing, the parties lodged a stipulation

---

[3] The record shows that no Form 56 was filed with the Commissioner for Tarragon Trust.

of facts with attached exhibits, which was received by the Court and filed as evidence in respect of the jurisdictional issue presented by respondent's motion to dismiss. At the conclusion of the hearing, the Court directed the parties to file memorandum briefs in support of their respective positions. Although respondent complied with this order, counsel for petitioner filed with the Court a notice stating that petitioner could not afford the expense of preparing and filing a brief.

Factual Background

Paul Jablonski and his brother David Jablonski were shareholders of D.J. Enterprises, Inc., a company that operated a residential/commercial security business known as Burtel and American Home Security. In 1994, Paul and David Jablonski purchased a number of "trust packages" from a company known as Cypress Management in Orem, Utah.

The record includes a purported trust instrument for a "business trust organization" identified as S&T Management Trust. This document, which identifies D.J. Enterprises, Inc., as "settlor/exchanger" and Cypress Management as "trustee", is dated April 19, 1994, and includes a signature page that was signed by David Jablonski as president of D.J. Enterprises, Inc., and by an individual identified as Zola Sheehan for Cypress Management.[4]

---

[4] The purported trust instrument also states that its "creator/drafter" is Zola Sheehan as "Trustee In Independent

(continued...)

The record also includes a purported trust instrument for Tarragon, which is likewise characterized as a "business trust organization". This document, the cover sheet of which identifies S&T Management Trust as "settlor/exchanger", Cypress Management as "trustee", and Paul Jablonski as "second trustee", is dated April 28, 1994, and includes a signature page that was signed by S&T Management Trust as "settlor/exchanger", Zola Sheehan for Cypress Management as "trustee", and Paul Jablonski as "second trustee". S&T Management Trust, Zola Sheehan, and Paul Jablonski all purportedly appeared before a notary public in the "Utah Republic" and signed the signature page on July 19, 1994. However, Paul Jablonski admits that he never met Zola Sheehan, that he did not appear before the notary public in Utah, and that he executed the signature page of the Tarragon trust instrument in Virginia.[5] In fact, the signature page of the Tarragon trust instrument is an exact copy of the signature page of a purported trust instrument for another trust known as Fennel Trust.[6]

---

[4](...continued)
Contractor status with Cypress Management".

[5] Paul Jablonski does not know Zola Sheehan's address or telephone number or how Zola Sheehan can be contacted; similarly, he does not know Cypress Management's address or how Cypress Management can be contacted.

[6] Fennel Trust is a petitioner in a related docket in which the Commissioner has also filed a Motion to Dismiss for Lack of
(continued...)

Article Five "Power of Trustees", section 5.5 of the Tarragon trust instrument states as follows:

> NOTWITHSTANDING any other provision in this Trust instrument, no power shall be exercised, nor any action taken, by the Trustees except upon the unanimous consent of all Trustees having authority as supplemented by the minutes and resolutions to exercise that power, and shall not be construed to contrivance [sic] of any constitutional state or federal law.

"Schedule B" attached to the Tarragon trust instrument lists the property transferred to the trust as follows:

> Twenty-One (21) Silver Dollars (face value); Pre-1964 Coinage of Account of the United States of America; One (1) Ten Dollar Bill; Love & Kindness[;] 1 COMPUTER, KEYBOARD, MOUSE, & MONITOR.

"Attachment A" to the Tarragon trust instrument is an undated letter signed by Zola Sheehan for Cypress Management and addressed to "The Settlor of Taragon Trust", stating: "I am in receipt of your letter dated 28 April 1994, appointing me Trustee of Taragon Trust, WHICH I HEREBY ACCEPT IMMEDIATELY." A second "Attachment A" to the Tarragon trust instrument is a similar undated letter, this one signed by Paul Jablonski, again addressed to "The Settlor of Taragon Trust" and stating: "I am in receipt of your letter dated 28 April 1994, appointing me Trustee of Tarragon Trust, WHICH I HEREBY ACCEPT IMMEDIATELY."

"Schedule C" attached to the Tarragon trust instrument lists

---

[6](...continued)
Jurisdiction. See docket No. 10710-00 and our Memorandum Opinion at T.C. Memo. 2001-316.

the trust's beneficiary as S&T Management Trust, which "surrendered" its "beneficial" interest in favor of Rosaria A. Jablonski, Gaynor Paul Jablonski, and Dolan Richard Jablonski. These three latter individuals are Paul Jablonski's wife and two sons, respectively.

Attached to petitioner's supplemental response, filed May 15, 2001, is a document, purportedly executed by Zola Sheehan on July 24, 1994, reflecting Cypress Management's resignation as Tarragon's trustee. During the evidentiary hearing in this case, petitioner offered to the Court another document purportedly reflecting Cypress Management's resignation as Tarragon's trustee. This latter document, which differed in material respects (including signatories and typeface) from the former document, was not admitted into evidence. Considering the inconsistencies in the two documents, we give no weight to the document attached to petitioner's supplemental response, filed May 15, 2001.

On July 24, 1994, Paul Jablonski and Tarragon purportedly executed a document entitled "INDEPENDENT COMMON-LAW CONTRACTOR CONTRACT", in which Paul Jablonski and Tarragon were identified as contractor and client, respectively.

Tarragon did not file a U.S. Fiduciary Income Tax Return, Form 1041, for 1995 and 1996.[7]  However, for those years, Tarragon received a Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc., from BHC Trust, another "business trust organization" whose purported trust instrument was the work of Zola Sheehan.  The Schedule K-1 for 1996 reflects a loss in the amount of $13,078.  Paul and Rosaria Jablonski attached this Schedule K-1 to their Federal income tax return for 1996 and used the loss on the Schedule K-1 to offset their other income.[8]

The parties agree that the law of the Commonwealth of Virginia controls with regard to the validity of the trusts described herein.

Discussion

According to respondent, petitioner failed to show that Paul Jablonski was petitioner's duly appointed trustee or that he otherwise had the capacity to commence this action unilaterally on petitioner's behalf.  Respondent asserts that, as a result, no valid petition was filed and that we must dismiss the petition for lack of jurisdiction.  We agree.

---

[7]  Indeed, Tarragon did not file an income tax return from its inception through 1999.

[8]  The record does not include the Schedule K-1 for 1995 or the Jablonskis' return for that year.

It is well settled that the taxpayer has the burden of proving the Court's jurisdiction by establishing affirmatively all facts giving rise to our jurisdiction. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Natl. Comm. To Secure Justice v. Commissioner, 27 T.C. 837, 838-839 (1957). Moreover, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we are without jurisdiction. See Fehrs v. Commissioner, supra at 348.

Rule 60(a) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person." Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived. As previously mentioned, the parties agree that Virginia law is controlling in this case.

Based on our review of Virginia law, we conclude that a trustee generally is a necessary party in an action brought on behalf of a trust. Accord Mendenhall v. Douglas L. Cooper, Inc., 387 S.E.2d 468 (Va. 1990); Raney v. Four Thirty Seven Land Co., 357 S.E.2d 733, 736 (Va. 1987); cf. Walt Robbins, Inc. v. Damon

Corp., 348 S.E.2d 223, 226 (Va. 1986) (the trustee of an antecedent deed of trust is a necessary party in a suit to enforce a mechanic's lien).

We begin by observing that the petition filed in this case does not comply with Rule 60. In particular, Paul Jablonski signed the petition as managing director, and the caption that he placed on the petition identified the "Petitioner" as "TARRAGON TRUST". However, neither the caption nor the body of the petition identified petitioner's trustee(s).

The record presented by petitioner to support its contention that Paul Jablonski was vested with the authority to institute this action on its behalf is inadequate. Considering the lack of formality observed in the execution of the Tarragon trust instrument and related documents, we have serious doubts that the trust was validly formed. Nevertheless, assuming arguendo that it was, petitioner failed to prove that Paul Jablonski possessed the capacity to commence this action unilaterally.

When a private trust is administered by two or more trustees, the general rule is that unanimity among the trustees is required for actions taken on behalf of the trust, except when this requirement is modified by the terms of the trust instrument or by statute. Scott, The Law of Trusts, sec. 194, at 161 (4th ed. 1988), and cases cited therein. Consistent with this principle, the Tarragon trust instrument states in pertinent part

that "no power shall be exercised, nor any action taken, by the Trustees except upon the unanimous consent of all Trustees having authority".

In the absence of any credible evidence that Cypress Management resigned as Tarragon's trustee, we conclude that Paul Jablonski and Cypress Management were cotrustees of Tarragon at the time that the petition was filed. The record indicates that Paul Jablonski commenced this action without informing, or obtaining the consent of, his cotrustee. Moreover, we are not aware of any provision in the Tarragon trust instrument, or under Virginia law, providing an exception to the principle that, as co-trustees, Paul Jablonski and Cypress Management were obliged to act jointly in filing the petition herein. It necessarily follows that Paul Jablonski lacked the capacity, acting alone, to commence this action on Tarragon's behalf. Consequently, we shall grant respondent's motion to dismiss.

To reflect the foregoing,

<u>An order will be entered granting respondent's motion and dismissing this case for lack of jurisdiction.</u>