PRESENT: All the Justices

THOMAS A. GARNER, ET AL.

v. Record No. 201362

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
December 16, 2021

VINCENT T. JOSEPH, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
James C. Hawks, Judge

The issue we must resolve in this case is whether the owners of an easement were indispensable parties to a boundary adjustment suit filed by their neighbors. The circuit court held that the easement holders were not indispensable parties. We conclude that, on the facts of this case, the holders of the easement were necessary parties. Consequently, we will reverse the judgment of the circuit court and remand the case for further proceedings.

BACKGROUND

Thomas A. Garner and Christine M. Garner own property at 630 Snug Harbor Lane in Newport News. Ellen R. Edwards owns the adjoining lot at 632 Snug Harbor Lane. Edwards' property separates the Garners' property from the shoreline. Vincent T. Joseph and Theresa C. Joseph own property at 607 Burcher Road. The Josephs' and Edwards' parcels are located along the shoreline. The Josephs and Edwards share a common boundary line.

As successors-in-title to a deed of 1959, the Garners acquired an easement and right of way over Edwards' property. The deed states, in pertinent part:

> Together with a perpetual easement and right of way of six feet in
> width shown on plat hereinabove referred to, which easement and
> right of way runs from the northwest corner of the hereinabove
> described property to the low water mark in Deep Creek. This
> easement shall be used exclusively by the parties to this deed, their
> heirs and assigns, with the exclusive right reserved by the parties
> of the second part to construct and maintain at their own expense a
> private, non-commercial pier or wharf within said easement into

Deep Creek to the low water mark and beyond; provided said pier or wharf be confined to an extension in a straight line of said six foot easement.

In 2015, the Garners filed suit against Edwards in the Circuit Court for the City of Newport News, seeking a determination of their right to use the easement set forth in the deed. The circuit court declared that the 1959 deed gave the Garners "the absolute and unfettered right of ingress and egress within the six-foot wide perpetual easement and right-of-way described in the Deed ("Easement") across 632 Snug Harbor." The court concluded that the Garners have "the absolute and unfettered riparian right to construct and maintain, at their own expense, a private, non-commercial pier or wharf, confined to an extension in a straight line of the Easement into Deep Creek to the low water mark and beyond." The court further noted that the Easement is an easement appurtenant. Following this 2015 judgment, and having obtained a permit from the Virginia Marine Resources Commission, the Garners constructed a pier.

In 2018, the Josephs filed a complaint against Edwards to establish the riparian boundaries between their respective properties. The Josephs proposed a particular apportionment of the boundaries. The parties consented to the Josephs' proposal, which the court embodied in a May 4, 2018 order (the "2018 apportionment proceeding"). That apportionment, however, located the Garners' pier partly within the Josephs' riparian area. The Garners were not named as parties in the apportionment and allege they were not aware of the proceedings until more than 21 days after entry of judgment. Following the 2018 apportionment, the Josephs sent a notice to the Garners, demanding that they "cease and desist from trespassing on our property, including without limit, our riparian rights," which "includes your use of the illegal pier construction and applicable riparian waters."

A map introduced during the apportionment proceeding shows the location of the three lots:

On February 5, 2019, the Garners filed a complaint seeking to set aside the 2018 apportionment order, claiming a "material interest" in the outcome of the 2018 apportionment proceeding between the Josephs and Edwards.[1] The Garners asserted that the Josephs and Edwards knew of this interest in their 2018 apportionment proceeding, but failed to notify them of the proceeding or join them as necessary parties, depriving them of the opportunity to defend their interests in the action.

---

[1] Steve and Julie Back, who own property at 626 Snug Harbor Lane, also intervened in the case, claiming they have the same easement interest as the Garners.

The Josephs responded by filing a demurrer and plea in bar claiming, *inter alia*, that the Garners lacked standing to challenge the riparian lines since they have no fee simple interest in the riparian area at issue and had not, therefore, been necessary parties. They further argued that the Garners were not eligible for equitable relief because they came to the court with unclean hands. Edwards' answer and motion for summary judgment similarly denied that the Garners were necessary parties to the Josephs' complaint. After a hearing on June 10, 2020, the circuit court granted the Josephs' demurrer and plea in bar and Edwards' motion for summary judgment. The court concluded that the Garners "were not necessary parties to that order that was entered between fee simple landowners," and "ha[d] no standing . . . to challenge that order."

The Garners filed a motion for reconsideration, which the circuit court ultimately denied, again concluding that the Garners were not necessary parties to the 2018 case because their rights had not been likely to be "diminished or defeated." The circuit court noted that "[t]he location of those rights [was] merely being ascertained." The court entered a final order granting Edwards' motion for summary judgment, denying the Garners' motion for summary judgment, and sustaining the Josephs' demurrer. The court also ordered that the apportionment set forth in the 2018 proceeding "will not be vacated or voided." The Garners appeal from this judgment.

ANALYSIS

Whether a party is necessary and indispensable to a proceeding is a question of law that this Court reviews de novo. *Synchronized Construction Serv.'s, Inc. v. Prav Lodging*, L.L.C., 288 Va. 356, 363 (2014).

The Court has defined "necessary party" broadly:

> Where an individual is in the actual enjoyment of the subject matter,
> or has an interest in it, either in possession or expectancy, which is

4

likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*Raney v. Four Thirty Seven Land Co., Inc.*, 233 Va. 513, 519-20 (1987) (quoting *Gaddess v. Norris*, 102 Va. 625, 630 (1904)); *see also Michael E. Siska Revocable Trust v. Milestone Dev., L.L.C.*, 282 Va. 169, 173 (2011) ("'[A]ll persons interested in the subject matter of a suit and to be affected by its results are necessary parties.'") (quoting *Bonsal v. Camp*, 111 Va. 595, 598 (1911)); *Kennedy Coal Corp. v. Buckhorn Coal Corp.*, 140 Va. 37, 49 (1924) (defining necessary parties as "all persons . . . however numerous, materially interested either legally or beneficially in the subject-matter or event of the suit . . . without whose presence in court no proper decree can be rendered") (quoting *Buchanan Co. v. Smith's Heirs*, 115 Va. 704, 707-08 (1914)). While the Court has acknowledged that those "who *may be but need not be* joined" are nevertheless considered "proper parties," parties that are deemed to be necessary are those who "*should* be joined" except when (i) it is "practically impossible to join all parties in interest, and the absent parties are represented by others having the same interests," or (ii) "an absent party's interests are separable from those of the parties before the court, so that the court may enter a decree without prejudice to the rights of the absent party." *Bonanno v. Quinn*, 299 Va. 722, 731 (2021) (emphasis added). In addition, a necessary party "*must* be joined" if "without [that party's] presence[,] the court cannot act in the case," i.e., it qualifies as an "indispensable part[y]." *Id.* (emphasis added).

The requirement that all necessary parties be joined in the litigation is "designed to prevent a multiplicity of litigation and to avoid depriving a person of his property without giving that person an opportunity to be heard." *Allen v. Chapman*, 242 Va. 94, 100 (1991). Although the absence of necessary parties does not implicate the circuit court's subject matter jurisdiction,

5

*Michael E. Siska Revocable Trust*, 282 Va. at 181, the judgment in a suit filed in the absence of necessary parties can be set aside as void. *See, e.g.*, *Harris v. Deal*, 189 Va. 675, 687 (1949).[2]

"An easement . . . is a privilege to use the land of another in a particular manner and for a particular purpose. It creates a burden on the servient tract and requires that the owner of that land refrain from interfering with the privilege conferred for the benefit of the dominant tract." *Brown v. Haley*, 233 Va. 210, 216 (1987). "[A]n easement is not an estate in land." *Burdette v. Brush Mountain Estates, LLC*, 278 Va. 286, 292 (2009); *see also U.S. Forest Serv. v. Cowpasture River Pres. Ass'n*, 140 S. Ct. 1837, 1845 (2020) (stating that "easements are not land, they merely burden land that continues to be owned by another").

The Josephs and Edwards contend that they were the only necessary and indispensable parties to the 2018 proceeding for riparian apportionment. They stress the limited nature of the Garners' right as holders of an easement, as compared to the riparian rights of a fee simple owner. They further note that the apportionment suit did not take away the Easement, and they stress that the 1959 deed did not specify the location of the Easement.

When a landowner grants an easement over a riparian area, that grant includes the riparian rights "necessary to fulfill the intent of the grant." *Irby v. Roberts*, 256 Va. 324, 330 (1998). In *Irby*, the landowner's grant of a right of way for the purpose of constructing a pier "permit[ted] the grantee to utilize the land within given bounds to build a pier and, thus, [conveyed] the necessary riparian right for that purpose." *Id.* at 330. Here, as in *Irby*, the grantors of the 1959 deed granted an easement to construct a pier with "the necessary riparian right to fulfill that purpose." *Id.* at 330.

---

[2] The parties dispute in their briefs whether the omission of the Garners from the suit between the Josephs and Edwards constituted extrinsic fraud. A party seeking to set aside a judgment on the basis that a necessary party was absent from the suit is not required to show the existence of extrinsic fraud. *Harris*, 189 Va. at 687 (judgment entered in the absence of an indispensable party is void).

6

An easement certainly constitutes a lesser legal interest in real estate than fee simple ownership. But in determining whether a party is "necessary," the test is not whether a party has an inferior property interest relative to other participants in the suit -- the test is whether an individual has a material interest in the subject matter that is likely to be diminished or defeated. *Raney*, 233 Va. at 519-20; *see also Grubb v. Grubb*, 272 Va. 45, 56 (2006) (defining necessary party as a person with a "legal or beneficial material interest").

It will not always be necessary to include the holders of an easement whenever there is litigation involving land that is subject to an easement; controversies will often be capable of resolution even in their absence. For example, *Buxton v. Murch*, 249 Va. 502 (1995), involved litigation over an easement that granted a right of way to a river. The Buxtons contested a trial court's order enjoining them from using their easement, in part on the basis that other property owners with a duty to maintain the easement had not been joined in the action. *Id.* at 509. The court rejected that argument, concluding that the "potential duties of maintaining the easement . . . simply do not constitute an interest which is likely to be defeated or diminished." *Id.* Thus, the trial court did not err in adjudicating that case in the absence of all the easement holders. *Id.* Moreover, even assuming those duties had qualified those lot owners as necessary parties, the Court concluded that their interests were, in any case, identical to those of the defendants, and thus the absent parties did not need to be joined. *Id.* at 509-10. There are many instances, as in *Buxton*, where an easement holder's property interest will not be affected by litigation, or where an easement holder's interest will be sufficiently protected by other litigants participating as parties in the case. *See also Atkisson v. Wexford Assocs.*, 254 Va. 449, 456 (1997) (noting that "a court may enter a decree without prejudice to the rights of an absent party if the absent party's interests are separable from those of the parties before the court," while concluding that this

7

principle did not apply in that case).  Unlike the non-joined lot owners in *Buxton*, whose interests in the proceeding were "sufficiently represented" by the named parties, neither the Josephs nor Edwards represented the Garners' interest in the 2018 apportionment proceeding.  *Buxton*, 249 Va. at 509-10.  In addition, the interest held by the Garners in this case was considerably more likely to be defeated or diminished by the 2018 apportionment proceeding.  Relying on what they supposed to be the proper location of their easement, the Garners constructed a pier.  The action between Edwards and the Josephs resulted in a redrawing of the riparian boundary in a way that locates part of the Garners' pier on the Josephs' land.  This leaves the Garners open to a trespass action, forcing them to "remove[] the allegedly offending portion of the pier."  App. Br. 18.  Their interest in the 2018 apportionment proceeding was therefore markedly different from that of the non-named lot owners in *Buxton*, and it warranted their addition as necessary parties.

CONCLUSION

For the foregoing reasons, we will reverse the judgment of the circuit court and remand this litigation for further proceedings consistent with this opinion.

*Reversed and remanded*.